EASTERN DIS.
December, 1833.

BARRON
vs.
DUNCAN,
EXECUTOR
ET AL.

---

## BARRON *vs.* DUNCAN, EXECUTOR, ET AL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

If the lessee by express stipulation in the contract of lease, be prohibited from transferring the lease to a third person without the lessor's written consent, this restriction does not apply in case of the assignment by the lessee's executor, and the executor may transfer the lease even against the lessor's will.

This case commenced by injunction. Thomas Barron, on the 31st January, 1832, by public act leased to the late Mary Carroll, for the term of seven years, to be computed from the 1st of November, 1831, a house situated on the north side of Canal street, in the city of New-Orleans, designated as No. 48, in consideration of rents specified in said act. One of the conditions named in the lease was "that the said lessee should not transfer and abandon the present lease to any other person whomsoever, without the consent in writing of the lessor."

The lessee has since died, and L. C. Duncan, one of the defendants, is sued as her executor. The plaintiff complains that the executor has taken steps to sell the lease at auction

without his consent in writing, against his will expressed to the executor, and in violation of the clause of the lease recited. He prayed an injunction to restrain the proceedings to sell the lease, and made the attorney for the absent heirs a co-defendant.

EASTERN DIS.
December, 1833.

BARRON
vs.
DUNCAN,
EXECUTOR
ET AL.

The executor answered, that the restriction contained in the above recited clause, did not bind him and that he might alienate the lease. The attorney for the absent heirs joined in this defence.

In their amended answer they alleged that the lease should be sold, because the executor could not then ascertain the solvency of the estate of the deceased, and because she had made valuable improvements on the building.

It was admitted that the executor had duly received his letters testamentary; and that the attorney for the absent heirs had been duly appointed; that the appraised value of the estate, according to the inventory, amounted to ten thousand seven hundred and sixty-five dollars and twenty-nine cents, inclueing one thousand five hundred dollars as the value of the lease; that three thousand three hundred and seventy-nine dollars had been received by the executor according to the accounts; that he had paid one thousand eight hundred and eighty-two dollars and seventy-one cents, including five hundred and twenty-five dollars paid to the plaintiff for the rent of two quarters of the leased property; that the executor had then in his hands in cash the sum of one thousand four hundred and ninety-six dollars and thirty cents; that claims against the estate exceeding one thousand dollars had been presented; that there was owing to the estate two thousand two hundred and five dollars and thirty-five cents; and that books mentioned in the inventory amounting to three thousand dollars have been returned to their owners.

The judge a quo dissolved the injunction with costs to the plaintiff. He appealed.

The cause came on to be heard in an assignment of error on the face of the record, on the ground of error in the decision of the judge a quo, that the lease was assignable.

EASTERN DIS.
December. 1833.

BARRON
vs.
DUNCAN,
EXECUTOR
ET AL.

*Peirce* and *Benjamin*, for plaintiff and appellant.

1. The lease was personal, and consequently ceased by the death of lessee.   *Civil Code*, 1194.

2. Or it is heritable, and in such case the restriction descends on the executor's as well as the right to the lease itself.   *Civil Code*, 2003.

*L. C. Duncan, contra.*

1. An executor has a right to assign a lease, notwithstanding a clause in the lease restraining the immediate lessee from alienation, *the executor not being named.*   2. *William's Executors, p. p.* 614, 615.   4. *Kent's Com. 2nd edition, p.* 124 *and* 130.   3. *Comyn's Digest, pages* 101, 113, *and* 128.

2. The right in this lease is heritable, and therefore to pay debts and discharge legacies, the executor is bound to sell.   *Civil Code, arts.* 1993, 1994.

MARTIN, J., delivered the opinion of the court.

The plaintiff and appellant complains of a judgment dissolving an injunction to prevent the defendant from proceeding to the sale of a lease granted by him, the plaintiff, to the defendant's testatrix, which contains a clause restraining her from transferring and abandoning the premises to any person whomsoever, without the consent of the lessor in writing.

His counsel has contended that the court erred because the lease was a personal one.   *Civil Code*, 1994, and as it was an heritable one it descended with the restricting clause, 2003.

On the part of the appellee it has been replied, that a lease makes part of the estate of the lessee, and as such may and must be sold by his executors to pay the debts and legacies; and that this even is the case when the lease contains a clause restraining the lessee in the faculty of alienating to cases in which he may obtain the consent of the lessor.

The counsel, however, has not been fortunate enough to discover positive authorities in support of his opposition. Those which he has adduced from the common law, are respectable and cogent. *2 Williams on Executors,* 614 *and* 615. 4. *Kent's Com. 2d edition,* 124 *and* 130. 3. *Comyn's Digest,* 101, 113, *and* 124. The principle these authorities establish is that such a restricting clause cannot protect the property of an individual when justice requires it to be turned into cash to satisfy the claims of third parties, as in cases of a cession of goods, or for the liquidation of a succession. The district judge has admitted the authorities of the decisions which support the opinions of these able common law writers, was not binding on him. He has deemed it his duty to compare this restricting clause strictly in obedience to the article of our code, which recognises it 2696, and it does not appear to us he has erred in his endeavor to give it that strict consideration which the legislator imperiously demanded when he restricted the clauses to the voluntary transfer and abandonment, made by the lessee himself, leaving third parties, such as creditors and legatees, the faculty of exercising any right they might have on the lessee.

EASTERN DIS.
*December,* 1832.

BARRON
*vs.*
DUNCAN,
EXECUTOR
ET AL.

If the lessee by express stipulation in the contract of lease be prohibited from the transferring the lease to a third person without the lessor's written consent. This restriction does not apply in case of the assignment by the lessee's executor, & the executor may transfer the lease even against the lessee's will.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.

*Peirce* and *Benjamin,* for plaintiff and appellant then moved *for a rehearing* on the following grounds:

1. Every one of the common law authorities cited by defendant, decides the question now submitted to the court upon technical reasons unknown to our jurisprudence, and upon principles directly the reverse of those established by our law. All those writers declare that the executor is not bound by the restricting clause "because not *named* in it." But the *Civil Code of Louisiana, art.* 2003, establishes the opposite principle, which of course must lead to a result directly opposed to that of the common law writers. That art. of the code says, that. "heritable obligations and *stipu-*

Eastern Dis.
December, 1833.

BARRON
vs.
DUNCAN,
EXECUTOR
ET AL.

lations impose on heirs, assigns, and *other representatives* the same duties and rights that the original parties were liable to."

2. But the court says in its judgment, that the *art.* 2697, of *Civ'l Code*, requires the clause to be strictly construed. True, therefore, if the expressions contained in the act were of doubtful import, if they were susceptible of more than one interpretation, it would be the duty of the court to lean towards that construction which would most favor the free disposal of property; but where, as in the present case, there cannot be a shadow of doubt as to the real intention of the parties, where the whole tenor of the instrument shwos that they intended that lessor should control the alienation of the lease, as they might deem proper. Surely the strict construction required by the legislature, cannot be such a construction as would render nugatory the clause introduced for his protection and authorise the court to depart from the great principle of justice sanctioned in *art.* 1940, *Civil Code*, that the intent of the parties to an agree·· ment has the *effect of law* between them.

3. The court decides that executor may alienate although deceased could not; are not the powers of the executor derived from deceased? Is he not her mandatory? And can a party grant more right to a power than he himself possesses. Again, during the life of testatrix, lessor had the right of controlling the alienation of the lease; can her death abridge or effect his rights without an express consent to that effect?

4. The court says again, that the rights of third persons such as creditors and legatees cannot be effected by this clause. The appellant believes the court to be in error in relation to the facts. The only evidence on file in the cause, shows that after paying all claims against the estate, and making every allowance for bad debts, there exists in favor of the estate, a nett surplus exclusive of this lease of seven thousand four hundred and seventy-four dollars. The rights of creditors then cannot possibly be compromised by any decision given in the cause, and there is nothing to show

that any legacies have been made by testatrix. But admitting that she has bequeathed a sum exceeding this surplus, she has bequeathed what did not belong to her, and the appellant is ignorant of any rule of law or equity which obliges him to make up the deficiency.

The motion for a rehearing was overruled.