John Calderwood *v.* Y. L. Prevost for the use of Jonathan S. Beers.

The advertisement by a sheriff of moveable property of a party, against whom a *fi. fa.* has been issued, for sale, without having been seized or taken into possession by that officer, is irregular and illegal; but where the party retains the free use of it, no injury is sustained by him. Such an irregularity will not entitle him to an injunction. *Per Curiam*: It will be time enough for him to complain, when he is disturbed in the possession of the thing.

Appeal from the District Court ot Ouachita, *Curry*, J.

*Garrett*, for the appellants, contended that the sheriff can only proceed against property after having first seized it, and taken it into possession, if it be such as can be taken possession of. Code of Practice, arts. 643, *et seq.*, 657, 659. That after seizing he must give notice to the debtor. Ib. art. 654. That three days after having given notice of the seizure of the property, he must advertise it. Ib. art. 667.

*Copley*, for the defendants.

Morphy, J. The plaintiff enjoined an execution issued against him at the instance of Prevost, suing for the use of Jonathan S. Beers. He alleges that he made an agreement with Robert W. Richardson, one of Prevost's attorneys, that he would confess judgment, (which he did,) provided the said attorney would take certain claims of his to collect, and delay the execution until they were collected, or found unavailable; that the said attorney did take charge of claims, exceeding in amount the judgment rendered in the case; that they were to be collected without delay, and placed as a credit on said judgment and the balance paid over to him. He further represents that of these claims, a note of Andrew Kincaid, for $45, has been paid; that, since the seizure of his property, he has given an order on Richardson for said note, but that he refused to give it up, saying that he took it in payment of said judgment; and that had said attorney used due diligence, he could have collected the other other claims he undertook to collect.

The petitioner further avers that the sheriff has advertised a gold *watch and chain* for sale, to satisfy the execution, of which there never has been any seizure, and which has never been in the possession of that officer, &c.   On the trial below the injunction was dissolved, with damages, and the plaintiff, and his surety on the bond, appealed.

The evidence shows that the condition upon which Richardson received the notes of the plaintiff, when the latter agreed to confess judgment, in April, 1842, was, that if collected, they were to go as a credit on the claim Prevost held against him; that they were taken as collateral security, but that none of said claims could be, or have been collected, with the exception of $125, the amount of a judgment obtained against James B. Moore, which was paid to the plaintiff himself.

In relation to the advertisement of the plaintiff's watch and chain for sale, without being seized or taken into possession by the sheriff, such a proceeding is undoubtedly irregular and illegal; but we are at a loss to perceive what injury the plaintiff has thereby sustained.   He has the free use and enjoyment of these jewels, and it will be time enough for him to complain when he is disturbed in his possession of them.   If, however, in the mean time, he is anxious to cure this irregularity in the proceedings of the sheriff, he can do so by placing his watch and chain in the hands of that officer.   Code of Practice, arts. 643, 646, 654, *et seq.*   2 La. 66.   12 La. 123.

*Judgment affirmed.*