Marie Irma Deville v. Hayes, Sheriff.   Dupre v. Hayes, Sheriff.

No. 755.—MARIE IRMA DEVILLE *v.* JAMES G. HAYES, Sheriff.   DUREL DUPRE *v.* JAMES G. HAYES, Sheriff.

A judgment debtor who refuses to point out property when demand is made by the sheriff, thereby loses the right given him to point out property to be seized under execution. C. P. 646.

The fact that property of the judgment debtor has been seized, if not taken possession of by the sheriff, will not entitle him to an injunction to stay the sale.   9 Rob. 182.

An injunction will not lie to stay the sale of property under execution on the ground of inaccuracies in the description, if they were not such as could have deceived the judgment debtor.

The husband can not give personal property to his wife in payment of her judgment against him, after a seizure by his judgment creditor has been made.   But if the sheriff in the execution of a judgment against the husband, fails to take the property into his possession, and the husband afterward gives it to his wife in payment of her judgment against him, then and in that case the wife can successfully enjoin the sale, because no legal seizure was made at the time of the giving in payment.

APPEAL from the Eighth Judicial District Court, parish of St. Landry.  *King, J.   H. L. Garland,* for plaintiffs and appellees. *Baily & Estilette* and *Thomas H. Lewis,* for defendants and appellants.

LUDELING, C. J.   These consolidated cases are injunction suits to arrest the execution of the judgment of Cecile Jannis *v.* Durel Dupré. There was judgment perpetuating the injunctions, and the defendants have appealed.

The judgment debtor bases his injunction on the following grounds: *First*—He never was called upon to point out property.

*Second*—The sheriff made no seizure of any property, having never taken possession of the property.

*Third*—The notice of seizure does not correctly describe the property.

I. The deputy sheriff testifies that he called upon the debtor to point out property, and that defendant in execution refused and failed to do so.   He therefore lost the right given to him to point out property. C. P. 646, 649.

II. If it be true that the property was not seized, because not taken into the possession of the sheriff, the debtor has no cause of complaint, and no grounds to invoke the aid of the courts.   9 Rob. 182.

III. The inaccuracies in the description of the property were not such as could have deceived the defendant.   He knew what property was intended to be designated, and he could not have been in any manner injured by the slight inaccuracies of the description.   19 La. 301; 2 La. 63.   The injunction sued out by Durel Dupré should have been dissolved.

In addition to the above alleged grounds for an injunction, the wife, Marie I. Deville, claimed to be the owner of the property seized.   The evidence shows that in the suit between herself and her husband, the seizing creditor intervened and opposed her claim, and that after hearing, the property claimed by her in that suit was adjudged to belong

to her.   The property thus decreed to belong to her was the plantation
and improvements thereon, the stock of cattle and horses (in the pos-
session of the husband), marked with the brands R. O., L. ° D. and R.
H.   And it is proved that on the twelfth July, 1869, a *dation en paie-
ment* was made to the wife of the other property, which is advertised
for sale, except the buggy, in satisfaction of the money judgment
obtained by her against her husband.

The judgment was pleaded as *res judicata*.   We think the plea cor-
rectly made.   Whether the *dation en paiement* conveyed to the wife
the other property claimed, depends upon the fact whether or not, at
the time, a lawful seizure of the property had been made, for if a legal
seizure existed at the time of the giving in payment, the acquired
rights of the seizing creditor could not have been affected by it.

The evidence of the deputy sheriff leaves no doubt in our minds
that he did not seize the Creole horses and mules, and other personal
property advertised, because he did not take possession of them.   6 R.
348; Gobean *v.* New Orleans and Nashville Railroad Company; 7 Rob.
504; 9 Rob. 182; 2 An. 333, 785, 910.

It is therefore ordered and adjudged that the judgment of the lower
court be avoided and reversed; that the injunction sued out by Durel
Dupré be dissolved with costs; that the injunction of Marie Irma De-
ville be perpetuated as to all the property seized except the buggy.
and that the appellees pay costs of this appeal.