No. 6027.

JOHN S. RICHARDSON VS. E. M. CRAMER, SHERIFF, ET AL.

After joining in the appeal the defendants could not ask a dismissal thereof for the informality stated.

Carpenter, to secure the payment of two promissory notes drawn by himself to his own order, mortgaged his plantation known as the Willow Glen. The mortgage was in favor of B. B. Thomas or any future holder or holders of said notes or either of them. The mortgage has been foreclosed by the present holders thereof, and an order of seizure and sale has issued. The plaintiff, the transferee of Carpenter, subsequently to the service of the notice of seizure, sued out this injunction to restrain the sale.

It is not pretended that the notes do not evidence a valid debt due by Carpenter, the maker thereof; whether he owed the nominal mortgagee or not is immaterial. A mortgage may be given to secure a future debt. The moment the notes passed to Farrar & Dennis, who are the real owners, and became evidence of a real debt due by Carpenter, the mortgage to secure the payment attached.

The court is satisfied that the title set up by plaintiff is a mere simulated one. Carpenter remained on the premises; no proof was adduced to establish the verity of the sale; the pretended transfer was made after notice of seizure had been served on Carpenter; and Richardson never went into possession after the pretended sale. Under such circumstances the law presumes simulation.

APPEAL from the Thirteenth Judicial District Court, parish of Madison. *Hough*, J. *Cobb & Gunby,* for plaintiff and appellant. *G.*

*Spencer Mayo, W. B. Spencer,* and *Wells & Corkern,* for defendants and appellees.

WYLY, J. On the twenty-first day of July, 1873, Charles Carpenter executed two mortgage notes on his plantation known as the "Willow Glen plantation," one of said notes being for twenty-six hundred dollars and the other for five thousand five hundred dollars, both drawn payable to his own order and by him indorsed; and the mortgage was in favor of Benjamin B. Thomas and any future holder or holders of said two notes or either of them.

In January, 1875, Thomas, for the use of Thomas P. Farrar and Elias S. Dennis, foreclosed the mortgage by suing out an order of seizure and sale. Plaintiff, J. S. Richardson, the transferee of Carpenter, subsequent to the service of the notice of seizure sued out this injunction to restrain the sale on the following grounds, which he urges in this court:

First—That Thomas, the mortgagee, was not a creditor of Carpenter; the latter never owed him any amount.

Second—There was no actual seizure made by the sheriff.

Third—There was no notice served on Carpenter by the sheriff to divide the land into lots of from ten to fifty acres.

The defendants charge that the pretended sale to Richardson by Carpenter was a simulation to evade the pursuit of his creditors, and that there was no change of possession. They pray for a dissolution of the injunction, with damages.

The court came to the conclusion that the title set up by plaintiff was a simulation, and dissolved the injunction with five hundred dollars damages and ten per cent interest on the amount enjoined.

Plaintiff appeals.

Defendants answered, joining in the appeal, and praying for an increase of the damages. Subsequently, they moved to dismiss the appeal for the want of citation to all the appellees. After joining in the appeal the defendants could not ask a dismissal thereof for the informality stated.

The motion is therefore denied.

On the merits, we think the judgment of the court *a qua* is correct.

It is not pretended that the notes do not evidence a valid debt due by Carpenter, the maker. Whether he owed the nominal mortgagee or not is immaterial. A mortgage may be given to secure a future debt. D'Meza vs. Generes, 22 An. 285.

Here the mortgage to secure the notes made to the order of the maker and indorsed by him was in favor of "Benjamin B. Thomas and any future holder or holders of said two notes or either of them."

The moment they passed to Farrar & Dennis, the real owners, and became evidences of a valid debt owing by Carpenter, the mortgage to secure their payment attached.

Richardson vs. Cramer.

As to the objection there was no actual seizure, we will remark, if this be so, then there was no cause for the injunction. If Richardson had a valid title, he had no cause to complain until he was disturbed by a seizure.

But an examination of this case satisfies us that the title set up by plaintiff was a mere simulation. Carpenter remained on the premises, and the law presumes simulation. No proof was adduced to establish the verity of the sale. The pretended transfer was made after notice of seizure had been served on Carpenter. Richardson never went into possession under the pretended sale.

Judgment affirmed.