MRS. DORA LAMBETH, WIFE, ETC., VS. G. W. SENTELL ET ALS., AND THE SHERIFF.

The Supreme Court will take judicial cognizance of its own judgments in the trial of causes involving executions predicated thereon.

In executions under writs of *fi. fa.*, excessive seizure is not a legal ground of injunction of the execution; the remedy is to apply for reduction of seizure under art. 642, Code of Practice.

The seized debtor has not the right to point out property to be seized when the creditor who prosecutes the execution of the judgment has a privilege or mortgage on the debtor's property.

The seizure of immovable property is not invalidated by the failure to serve notice of seizure on the tenants. Pipkin vs. Sheriff, 36 Ann. 782, affirmed.

Parties who abuse the writ of injunction to stay execution of moneyed judgments against them should be mulcted in damages.

APPEAL from the Twelfth District Court, Parish of Avoyelles. Blackman, J.

*E. T. Merrick* and *A. V. Coco,* for Plaintiff and Appellant.

*Thorpe & Peterman* for Defendants and Appellees:

1. Excessive seizure is no ground of injunction against *fieri facias.* Bagley vs. Tâte, 10 R. 45; Powell vs. Hayes, 31 Ann. 789; Burgess vs. Gordy, 32 Ann. 1297; Gusman vs. DePoret, 33 Ann. 333.

2. Seizure of rented immovable property under *fieri facias* need not be accompanied by notice to tenants. Carroll vs. Chaffe, 35 Ann 83; Pipkin vs. The Sheriff, 36 Ann. 782.

3. When the creditor has special mortgage upon a part of his debtor's property, he may seize the mortgaged portion under the usual form of *fieri facias,* without, specifically, describing the same in the body of the writ. Dunlap vs. Sims, 2 Ann. 239.

4. Where the creditor, having special mortgage upon a part of the debtor's property proceeds by *fieri facias* against that part, the debtor has not the right to point out other property to be seized by the sheriff. C. P. arts 646 648.

The opinion of the court was delivered by

POCHÉ, J.   This appeal is prosecuted by plaintiff from a judgment dissolving an injunction taken to arrest the execution of a judgment held by the defendant Sentell, with two per cent per annum interest on the amount of the judgment enjoined and damages in the sum of one hundred and fifty dollars *in solido* against herself and her sureties on the injunction bond.   The grounds of her injunction were in substance as follows:

1st.   That the amount of property seized was excessive, and that in an execution not resting on a special mortgage, she was denied the legal right to point out to the sheriff the property which she desired to be seized and sold first.

2d.   That the sheriff could not seize any immovable property until he had commenced by seizing movable property.

3d.   That there was no actual or legal seizure of the property for the reason of the sheriff's failure to have notified the tenants on the immovable property.

4.   That the seizing creditor had caused to be reinscribed a mortgage intended to secure a sum of $4400, which has long since been paid, the intention of the seizing creditor being thereby to swell the amount of his claim with a view to destroy competition at the sale, and to thus obtain the seized property at a sacrifice.

The motion to dissolve the injunction was predicated on the ground that plaintiff's petition disclosed no cause of action.

I.

The error of law and of fact which plaintiff has fallen into as to the true character of the claim sought to be transferred against her has doubtless prompted the first ground of her injunction, and it has pervaded throughout the whole case, from the pleadings to the argument of her counsel on appeal.

Having alleged in her petition that the judgment in execution did not import or involve a special mortgage, she resisted, on trial, the introduction of any evidence, including the mandate of this court affirming the judgment enjoined, and the original petition. To an adverse ruling of the court a bill of exception was reserved and is pressed on our attention.

That evidence was utterly unnecessary, and for two reasons:

1st. This court has the undoubted right to take judicial cognizance of its own judgments and decrees, especially in an injunction intended to affect any of its mandates. Minor vs. Stone, 1 Ann. 283; Carroll vs. Chaffe, 35 Ann. 83.

Now the writ of *fi. fa.* herein enjoined and annexed to plaintiff's petition informs us that it was issued in execution of a judgment of the District Court of Avoyelles, rendered in the case of G. W. Sentell et als. vs. Dora Lambeth, wife of T. O. Stark, the identical parties herein, and turning to our reports in the 37th Annual, page 679, we find that the judgment was brought on appeal to this Court last July, and that our decree affirmed it, with recognition of the special mortgage claimed by the creditors in their original petition.

2. But in the zeal of counsel they seem to have lost sight of their own pleadings, for their own petition contains the same information.

After describing the identical suit which we had disposed of on appeal, and reciting that the judgment therein rendered was for the sum of $8,000 with interest of eight per cent per annum from March 3, 1875, plaintiff's petition contains the following averment:

"She shows that, in the act of mortgage executed May 5, 1875, your petitioner granted a mortgage on her property in addition to *the eight thousand dollars* (the italics are ours) for the sum of $4,400 as security for that sum for her sister," * * * and by the brief of one of her counsel, we are informed that that mortgage covered *all of her property.*

It is thus demonstrated that the claim in execution was secured by special mortgage; and that therefore the rights of the seized debtor are to be controlled by art. 648 and not by art. 646 of the Code of Practice, as contended for by her counsel.

Art. 648 reads: "The debtor shall not have the right of pointing out to the sheriff the property which he wishes him to seize when the debtor who prosecutes the execution of the judgment has a privilege or mortgage on part of his property," *  *  *

The fact that this article is found under the heading of the execution of judgments, and that the provision applies in terms to the "execution of a judgment" is a sufficient answer to the fallacious argument of plaintiff's counsel that the right of the debtor to point out property for seizure, is unexceptionally secured in all executions *via ordinaria*.

We therefore conclude and hold that, in this case, the seized debtor could not claim the right of pointing out property.

We note in this connection a point made by one of plaintiff's counsel in his brief, but not included in the pleadings, which is made to rest on art. 650, Code of Practice, which provides:

"Nevertheless, the debtor whose land shall have been seized, shall always be entitled to demand that a portion only, which he shall designate, shall be sold, if that portion is sufficient to satisfy the judgment, but if it be insufficient, a sale of the other portions shall be made." The name of the counsel who makes this point is not appended to the petition, with which he is apparently not familiar. Hence, he has fallen into the error of supposing that that ground had been adopted by his associate. In this, however, he is mistaken. But be that as it may, there is no force in the contention, and it is, to say the least, entirely premature, for the record does not show that the seized debtor has as yet made any demand touching the mode of effecting the sale. From the text of the article it appears that the remedy which it contemplates, has no reference to the seizure, which is the only bone of contention contained in the record.

As to the alleged excessive seizure the record shows that, as soon as complaint thereof was made, the sheriff was ordered to release all but the property specially mortgaged, and that the same has been so released. But the real answer to that complaint is to be found in arts. 652 and 653 of the Code of Practice, which point out the only and the exclusive remedy of the seized debtor in such an emergency. It is no longer an open question in our jurisprudence that such a complaint is not a legal ground for an injunction of the execution. Commenting on these two articles of the Code this Court has said: "It is evident that in contemplation of law, the amount of the seizure never exceeds the amount of the writ." Buisson vs. Staats, 9 Ann. 236; see Bagley vs. Tate, 10 Rob. 45; Powell vs. Hayes, 31 Ann. 789; Burgess vs. Gordy, 32 Ann. 1297; Gusman vs. DePoret, 33 Ann. 333.

## II.

The complaint that the sheriff could not seize immovable before movable property, could be entertained only in a case where the party prosecuting the execution of the judgment has no privilege or mortgage, and it is already shown that the very reverse is the feature of the case in hand.

## III.

If, as alleged by plaintiff in her third ground of injunction, the sheriff has not made an actual or legal seizure of her property, we are at a loss to appreciate her complaint in this particular. To prevent a seizure seems to be the "consummation most devoutly to be desired" by herself and her numerous able and zealous counsel. Gusman vs. DePoret, 33 Ann. 338. She is apparently in a predicament similar to that of plaintiff in the case of Calderwood vs. Prevost, 9 Rob. 182, to whom this Court addressed the following consolation : " In relation to the advertisement of the plaintiff's watch and chain for sale, without being seized or taken into possession by the sheriff, such a proceeding is undoubtedly irregular and illegal; but we are at a loss to perceive what injury the plaintiff has thereby sustained. He has the free use and enjoyment of these jewels, and it will be time enough for him to complain when he is disturbed in his possession of them. If, however, in the meantime, he is anxious to cure this irregularity in the proceedings of the sheriff, he can do so by placing his watch and chain in the hands of that officer."

The record shows that notice of the seizure was given to plaintiff, and if her tenants who have not been notified of the same, continue to pay rents to her, what right has she to complain ? But the notice was not required by law on the tenants. Pipkin vs. Sheriff, 36 Ann. 782.

## IV.

Our great respect for plaintiff's counsel will not permit us to believe that they are serious in presenting their fourth ground of injunction. What injury can befall a seized debtor through such a harmless pastime as the reinscription of a defunct mortgage, in connection with the seizure of his property ? The experience of counsel will doubtless suggest several easy modes, if their client so desires, of brushing away these cobwebs.

A thorough examination of this case has left on our minds the painful impression that plaintiff's recourse to this injunction was ill-advised, and is a reprehensible abuse of the solemn process of a court to impede the administration of justice.

Our sense of duty under that impression is to consider favorably the

defendants' demand for an increase of damages. They have been retarded in a manner unwarranted by law, justice or fair dealing in their legal efforts to collect a lawful and just claim, and they must be compensated therefor.

The judgment appealed from is therefore amended for the purpose of increasing the damages of two per cent per annum interests, on the amount enjoined to ten per cent per annum on the same, and the judgment as thus amended is affirmed at plaintiff's costs in both courts.