No. 3711

Second Circuit

———

McLEMORE v. ABELL, SHERIFF, ET AL.

———

(December 31, 1929.  Opinion and Decree.)

———

Smith & McGregor, of Rayville, attorneys for plaintiff, appellee.

Warren Hunt, of Rayville, attorney for defendants, appellants.

WEBB, J.  Defendants, Monroe Grocery Company, Limited, and A. A. Abell, Sheriff,

appeal from a judgment restraining them from selling a lease contract between plaintiff, J. W. McLemore, and W. J. Baker, a judgment debtor of Monroe Grocery Company, Limited, and awarding plaintiff damages, attorney's fees incurred by him in obtaining and having the restraining order perpetuated.

The lease contract was evidenced by an authentic act which had been filed and recorded in the parish in which the leased premises, urban property, was located, and it contained a stipulation that the lease was personal to the lessee, and that he could not assign the lease or sublet the premises without first obtaining the consent of the lessor, and in the application for the restraining order it was alleged that the lease was not subject to seizure by the creditors of the lessee, and, further, that the lease had not been legally seized, and that the contract had been canceled under an agreement between the plaintiff, J. W. McLemore, lessor, and W. J. Baker, lessee.

In support of the position that the lease was not subject to seizure by the judgment creditors of the lessee, it is urged that the stipulation restricting the right of the lessee to assign the lease is authorized under the provisions of article 2725 of the Civil Code, which provides that:

"The lessee has the right to underlease, or even to cede his lease to another person, unless this power has been expressly interdicted.

"The interdiction may be for the whole, or for a part; and this clause is always construed strictly,"

—and that, the stipulation being effective as to the lessee, it should be effective against all persons asserting rights through

him, but there is not any authority cited in support of the contention.

There are several decisions in which it has been held that the restriction should be construed strictly against the lessee, but we have not been able to find any decision in which the effect of the restriction was considered as between the creditors of the lessee and the lessor. However, in Barron vs. Duncan, 6 La. 100, it· was held that the restriction would not prevent the executor of the lessee from assigning the lease, and in that cause the organ of the court was of the opinion that such a restriction was applicable only to the voluntary or conventional assignments of the lessee, which appears to be the construction placed on such restrictions under the common law (R. C. L. Landlord and Tenant, vol. 10, p. 834, sec. 333; Gazlay vs. Williams, 210 U. S. 41, 28 S. Ct. 687, 52 L. Ed. 950, 14 L. R. A. (N. S.) 1199; Farnum vs. Hefner, 79 Cal. 575, 21 P. 955, 12 Am. ·St. Rep. 174; Remington, Bankruptcy, vol. 3, sec. 1220, et seq.), and in view of the decision in Barron vs. Duncan, supra, we are of the opinion ʻthat the restriction of the right of the lessee to assign the lease should be construed as applicable only to conventional or voluntary assignments of the lessee, and therefore the lease was subject to seizure and sale by the judgment creditors of the lessee (articles 3182, 3183 C. C.; Hanna vs. Bry, 5 La. Ann. 651, 52 Am. Dec. 606).

Relative to whether or not the lease was seized, and, if not, as to the right of plaintiff to enjoin the sale, it is suggested by plaintiff that the sheriff was without authority to take possession of the instrument evidencing the lease, which he found among the archives of the recorder's office, and that his possession of the lease was

without any effect whatsoever, and that the notice given the lessor of the seizure of the instrument was also without effect, while defendants suggest that even though the lease was not seized, plaintiff could not enjoin the sale on such grounds, as the sale of the lease would only give the purchaser the right to take possession of the leased premises, and that plaintiff was without right to question the validity of the seizure or sale until the purchaser of the lease had taken or demanded possession of the premises.

We have not been able to find any decision in which the method of seizing a lease is stated, and, while it is contended that the seizure was not effected by the officer taking possession of the instrument evidencing the lease, it is not suggested that it was necessary for the officer to have taken possession of the leased premises, and, conceding for the present that any notice given to the lessor would be sufficient to prevent him from agreeing with the lessee to cancel the lease, notice to the lessor would not prevent the lessee, where he had the right, from assigning the lease to a third person, and we do not think that, considering the thing seized as merely an incorporeal right, notice to the lessor divested the lessee of his rights under the lease.

It is, we assume, conceded that the seizure of the rights of the lessee under the lease could not prejudice the rights of the lessor as against the lessee, and, the evidence showing that the rent for the full term of the lease was due and unpaid at the time of the purported seizure, we think that, in order for the seizure to have been effective, it was essential that the seizing creditor should by virtue of the seizure be placed in a situation where the lessor could demand of it the payment of the rent or cancellation of the lease, which could be effectively accomplished only by a valid seizure of the lease, and until such seizure was made it was without effect.

There are a number of decisions in which it has been held that a judgment debtor could not enjoin the sale of his property on the ground that the property had not been validly seized, where his possession was not disturbed, as if there was not a valid seizure the sale would be without effect (Richardson vs. Cramer, 28 La. Ann. 357; Gusman vs. DePoret, 33 La. Ann. 333; Lambeth vs. Sentell, 38 La. Ann. 691), and, while we are of the opinion the plaintiff could have waited until after the sale before questioning the validity of the seizure, yet, as the evidence shows that the seizure was invalid and without effect, we do not think there is any reason why the validity of the seizure should not be decided at this time.

However, we do not think that plaintiff should be awarded damages, attorney's fees, for prosecuting the suit, as the property seized was not exempt from seizure, and the injunction being maintained on the ground that the seizure was invalid does not present a case in which attorney's fees for prosecuting the suit should be allowed. Oxford vs. Colvin, 134 La. 1094, 64 So. 919.

It is therefore ordered that the judgment be amended, and that plaintiff's demand for damages, attorney's fees, be rejected; and, as thus amended, the judgment is affirmed. Plaintiff to pay cost of appeal.

ODOM, J., concurs in the decree.