CONCORDIA OIL & GAS CO. et al. v. KEENAN (KEENAN, Intervener).*

No. 4644.

Court of Appeal of Louisiana. Second Circuit.

March 29, 1934.

G. P. Bullis, of Vidalia, for appellant.

Joseph M. Reeves, of Vidalia, for appellees.

DREW, Judge.

On March 1, 1928, Concordia Oil & Gas Company recovered judgment in Concordia parish against J. E. Keenan, in the sum of $162.32, with interest at the rate of 5 per cent. per annum from January 1, 1925, until paid. The judgment was indorsed, "Filed March 1, 1928, C. C. Campbell, Clerk of Court. Recorded. Recorded May 4, 1933 in Mortgage Book 'MM' p. 291. V. P. Campbell, Clerk."

A writ of fieri facias issued on said judgment on March 23, 1928, on which no return was made.

On January 25, 1931, for a valuable consideration, the above-stated judgment was sold and assigned to P. W. Childers. This assignment was filed and recorded in the mortgage records of Concordia parish on June 27, 1931. On December 23, 1931, a fieri facias issued under said judgment and the return on said fieri facias reads as follows:

"I received this writ on 23rd day of December 1931, and I seized under same one half undivided interest in Lots One (1) and Two (2) McDougald St., upon which is located Gulf Filling Station.

"And I further seized under said writ, Lots 7, 8, and 9 of Block 3 of the Town of Clayton, as shown by plat of said lots recorded in Deed Book 'EE' page 184 of the records of Concordia Parish, Louisiana, upon which is located a Gulf Filling Station and which said property is situated in the Parish of Concordia, State of Louisiana.

"[Signed] E. P. Campbell, Sheriff."

Under said seizure the sheriff proceeded to advertise the following property for sale to satisfy the judgment: One-half undivided interest in lots 1 and 2 McDougald street in Clayton, La., upon which is located the Gulf Filling Station.

On the day of sale, February 13, 1932, there were no bidders. The sheriff then readvertised the property for sale on terms of twelve months' credit. In this second advertisement the property was described as lots 7, 8, and 9 of block 3 of the town of Clayton, as shown by plat of said lots recorded in Deed Book "EE," p. 184, of the records of Concordia parish. The sale was held on May 21, 1932, and the property last described adjudicated to G. P. Bullis and Jim Thomas for the sum of $1,600 on a credit of twelve months.

On April 14, 1932, while the property was being advertised for sale on terms of credit, Raymond E. Keenan filed a third opposition and intervention alleging that he was the owner of the property advertised for sale and that he acquired said property by act of sale from Mrs. Merzie H. Keenan, dated January 21, 1932, and duly recorded in the conveyance records of Concordia parish; that she acquired said property from J. J. McAdams by act of sale dated in the year 1924 and duly recorded in conveyance records of Concordia parish, La.; that J. E. Keenan has no right, title, or interest of any kind in said property. He prayed that he be declared the owner of said property, lots 7, 8, and 9, and that after due proceedings, the sheriff be enjoined from selling said property. No restraining order or temporary injunction was prayed for.

P. W. Childers, in answer, denied the ownership of the property in intervener, admitted the property was acquired in the name of Mrs. Merzie H. Keenan in 1924, but denied there was any legal or valid sale from Mrs. Keenan to intervener. He alleged the acquisition of the judgment by assignment from Concordia Oil & Gas Company, and that at the time Mrs. Keenan acquired the property in her name she was married to J. E. Keenan and paid for said property with community acquets and that said property was owned by the community of J. E. Keenan and Mrs. Merzie H. Keenan; that it was community property at the time of the seizure and was subject to seizure and sale to satisfy the community debt; that the property was seized under a writ of fieri facias several days prior to the purported sale from Mrs. Keenan to intervener, and that intervener had full knowledge at the time of the simulated sale of such seizure and knowingly became a party to the transaction in an effort to defraud respondent; that intervener acted in bad faith and so stands before the court. He further alleged that the community existing between J. E. Keenan and his wife, Mrs. Merzie H. Keenan, was insolvent at the date of the purported sale to intervener.

It is admitted that the property in question was acquired in the name of Mrs. Merzie H. Keenan in 1924, at a time when she was married to J. E. Keenan, and that it was paid for with money earned by Mrs. Keenan in taking boarders, and in this court intervener concedes, under authority of Houghton v. Hall,

177 La. 237, 148 So. 37, that the property became community property and was owned by the community existing between J. E. Keenan and Mrs. Merzie H. Keenan.

The deed under which intervener is claiming, dated January 21, 1932, was signed by both J. E. Keenan and Mrs. Merzie H. Keenan as vendors. Therefore, on the face of the deed it is a good and valid title in intervener if there were no legal obstructions in the way at the time. The insolvency of the community at the time of the sale was not proved and therefore passes out of the case. The question of the legality of the sale on twelve months' credit, under the peculiar circumstances of this case, is not raised and we therefore are not concerned with it. The only remaining question is whether the seizure made by the sheriff under the fieri facias is a legal seizure such as would be a bar to the judgment debtor making a valid deed to the property thereafter and prior to its sale at public auction by the sheriff. Intervener contends that if the seizure was invalid, he has a good title. If it was a valid seizure, he concedes he has no title.

The return on the fieri facias, quoted above, covers the property in dispute. The notice of seizure served on J. E. Keenan gave notice of the seizure of the following property: One-half undivided interest in lots 1 and 2 McDougald street, upon which is located the Gulf filling station. The record discloses there was only one Gulf filling station in the town of Clayton and it was located on lots 7, 8, and 9 of block 3 of the town of Clayton, as shown by plat of said lots recorded in Deed Book "EE," p. 184, of the records of Concordia parish, La., which property the return on the fieri facias shows was seized at the same time. On lots 1 and 2, which were seized, is located the home of J. E. Keenan. The deputy who made the seizure testified that the property actually seized by him and on which he went to make the seizure was lots 7, 8, and 9 of block 3 of the town of Clayton. The only question, therefore, is, Was the notice of seizure so defective as to invalidate it?

In Deville v. Hayes, 23 La. Ann. 550, the court held an injunction will not lie to stay the sale of property under execution on the ground of inaccuracies in the description if they were not such as could have deceived the judgment debtors. It has been held that an insufficiency of description of the property in the notice of an execution sale furnishes no ground for an injunction. Henderson v. Hoy, 26 La. Ann. 156; Cameron v. Griesa, 74 Kan. 560, 87 P. 697; Margate Co. v. Hand, 86 N. J. Eq. 314, 98 A. 313.

In Dabbs v. Hemken, 3 Rob. 123, on rehearing, the court held a slight variance between the description of the property in the advertisement and in the notice of seizure which cannot mislead the debtor is immaterial.

In this case the intervener is the son of the judgment debtor and was fully aware that there was only one Gulf filling station in Clayton, La., and that it was located on lots 7, 8, and 9. He knew the sheriff had served the papers on his father under the writ of execution. He and his father soon thereafter visited a lawyer's office and executed the deed to intervener for lots 7, 8, and 9, and we think it very clear that it was an attempt to take advantage of a technical error which the sheriff had made in his notice of seizure. The judgment debtor or the intervener could not have been misled by the notice of seizure and did know, or should have known, that the property the sheriff seized was lots 7, 8, and 9 on which the Gulf filling station was located.

Under the authorities above cited, we conclude the notice of seizure did not mislead the judgment debtor or the intervener and that the seizure of lots 7, 8, and 9 on which the Gulf filling station was located was a valid and legal seizure, and the purported sale to intervener thereafter is invalid and did not convey title to him.

It therefore follows that the judgment of the lower court rejecting intervener's demand is correct and is affirmed with costs.

TALIAFERRO, J., recused.