EASTERN DIST.
February, 1835.

FAGOT ET ALS.
vs.
PORCHE.                    ·        FAGOT ET ALS. vs. PORCHE.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

Evidence of a claim in compensation and re-convention, will be rejected,
when the demand is not equally liquidated with the claim of the
plaintiff.

· The liquidation of a partnership claim, cannot be pleaded in compensation
or re-convention, against a demand on a note of hand.

The absence of all connection between two demands, is an insurmountable .
objection and obstacle to a demand in compensation or re-convention.

This is an action on two promissory notes, executed by the
defendant in favor of Pierre Caseaux, deceased, the ancestor
of the plaintiffs. Fagot sues as tutor of his children, who
are minor heirs of the deceased, claiming the amount of said
notes, which together make the sum of five hundred and
twenty dollars ninety-one cents; that one of them, for four
hundred and thirty-two dollars ninety-one cents, is secured
by a mortgage on a slave, which he prays may be seized and
sold to pay said sum.

The defendant pleaded a general denial, and set up a large
claim, amounting to one thousand seven hundred and twen-
ty-two dollars, in re-convention against the plaintiffs, as due
by their ancestor, for the purchase, advances and increased
value of a plantation, which he alleges he owned in partner-
ship with the said P. Caseaux, in his life-time, and which his
said heirs, the plaintiffs, have caused to be sold as a part of
his succession.

On the trial, the district judge rejected the testimony of the
defendant, offered in support of his re-conventional demand,
on the ground that the claim was not liquidated, and was not
connected with, or incidental to the demand of the plaintiffs.
The defendant's counsel excepted to the opinion of the court,
rejecting the evidence.

Judgment was given in favor of the plaintiffs, for the amount of their claim. The defendant appealed.

*Nicholls,* for the appellant, insisted the court erred, in rejecting testimony to establish the plea in compensation. Compensation takes place of right between two debts, having for their object a sum of money, and equally liquidated and demandable. *La. Code,* 2205.

2. To establish this right of compensation, it is necessary to show, first, that the claim is for a sum of money; second, that it be equally liquidated with the one to which it is opposed, and third, that it be equally demandable.

3. The document offered as testimony to support the plea, is an account rendered by the ancestor of the plaintiffs, to whom the notes sued on were given, in which he acknowledges the plantation to be partnership property, debits defendant with the amount of the purchase money, expenses of the crop, negro hire, and strikes a balance in his own favor. The account is signed by both parties, and is an acknowledgment on the part of Caseaux that half of the plantation is the property of the defendant.

4. Under these circumstances, the latter is entitled to the money he has paid, as the heirs have had the plantation sold. This then, is a claim for a *sum of money* due, which establishes the first part of the plea in compensation.

5. The claim is equally liquidated, for the sum claimed on account of the plantation is specified in the account offered in evidence.

The claim of the defendant is equally demandable with that sued on. The interest in the plantation belonging to the defendant, has been received by the plaintiffs, in having it sold as part of the succession of their ancestor. The sum due for this interest, is specified in the account offered in evidence, and more than compensating the sum sued for.

*Martin, J.,* delivered the opinion of the court.

The defendant being sued on two promissory notes, executed in favor of the ancestor of the plaintiffs, pleaded

EASTERN DIST. the general issue, and set up a claim in compensation and
February, 1835. re-convention, for a much larger sum than that for which the
FAGOT ET ALS. notes sued on were given. Judgment was rendered in favor
    vs.          of the plaintiffs, and disregarding the defendant's claim, from
POUCHE.        which he appealed.

His counsel complains in this court, that the judge *a quo*, rejected written and parole evidence offered by him, in support of the claims pleaded in compensation and re-convention. These claims were grounded on the allegation, that the plaintiffs' ancestor, and who was the payee of the notes sued on, took in his own name, the title to the plantation which he and the defendant had bought in partnership, and the defendant advanced a large sum towards the purchase, and made great advances for the cultivation and improvement of the land ; that at the death of the plaintiffs' ancestor, his heirs possessed themselves of the land, which has since been sold as part of the succession. The defendant also avers, he has a further and large claim, on the score of the increased value of the land since the purchase.

Evidence of a claim in compensation and re-convention will be rejected, when the demand is not equally liquidated with the claim of the plaintiff.

The introduction of the evidence was rejected, on the ground that the defendant's claim was not equally liquidated with that of the plaintiffs, and was absolutely unconnected therewith.

The liquidation of a partnership claim, cannot be pleaded in compensation or re-convention, against a demand on a note of hand.

It appears to us, the decision of the District Court was correct. The liquidation of a partnership concern, such as that now sought, is universally a much more tedious operation, than that which is required to ascertain the validity of a claim of the payee of a note of hand. The liquidation of the claim of the defendant, could not well be asked from a plaintiff, whose claim was already liquidated by the defendant, before he subscribed the note. There was no room for compensation.

The absence of all connection between two demands, is an insurmountable objection and obstacle to a demand in compensation and re-convention.

The absence of all kind of connection between two claims, is an insurmountable obstacle to a demand in compensation or re-convention.

The plea of re-convention is unsupported.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.