### RATTI AND PIPON *vs.* THEIR CREDITORS.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where an order of arrest issues on the affidavit of a single creditor, imprisoning the insolvent and for the sequestration of his property, this act inures to the benefit of all the creditors.

The sequestration when once made, is irrevocable, except on payment of the debts of all the creditors.

The person of the insolvent may be discharged from imprisonment on giving security; but the penalty of the bond should be large enough to cover all the debts and to indemnify all the creditors, in case of its breach. The condition of the bond is, that the insolvent shall remain within the jurisdiction of the court until the definitive judgment of homologation of all the proceedings; any partial homologation will be disregarded.

EASTERN DIST.
December, 1835.

RATTI AND PIPON
vs.
THEIR CRED's.

On the 11th March, 1835, the plaintiffs filed their petition, accompanied by a schedule of their debts and effects, with a list of creditors and general statement of their affairs, alleging their inability to meet their engagements, and praying for a meeting of their creditors to deliberate on their affairs. They pray that a surrender of their property be accepted, and that a discharge from their debts be granted them.

The cession of property was accepted by the judge, and a meeting of creditors ordered to be held before a notary on the 24th of March.

On the next day, F. Verrier, J. Soulet and D. Bordéres, creditors of the insolvents, filed their affidavits, suggesting that the books of the insolvents were not brought into court, and that a fair surrender was not made of their property. Upon this affidavit, an order issued for the sequestration of all the property of the insolvents, and Verrier and Bordéres appointed provisional syndics, on giving a security bond in the penalty of sixty thousand dollars.

On the 15th March, J. Weills, another creditor, presented his opposition and affidavit, suggesting fraud and concealment, on the part of the insolvents, and praying that they be arrested, imprisoned and deprived of the benefit of the insolvent laws. The order of arrest was granted, and the insolvents imprisoned accordingly, until they furnished security for the sum of sixty-six thousand dollars, the amount of their debts set forth in the schedule.

On the 30th March, Messrs. Verrier and Bordéres, filed their opposition, suggesting fraud and the concealment of the books and persons of the insolvents from their creditors; praying that they be deprived of the benefit of the insolvent laws, and requiring them to answer on oath, interrogatories touching the state of their business and pecuniary affairs.

The proceedings before the notary were closed on the 24th of March, and on the 4th of April were brought by the syndics into court and homologated, and an order obtained fixing the terms and ordering a sale of the ceded property.

The insolvents took a rule on the *opposing* creditors, to show cause why the order of arrest should not be set aside, or the *amount* of the security diminished, on the ground that the affidavit was insufficient, no sum being specified; that the amount of bail is excessive and not authorised by law; and that the allegations in the affidavit are untrue.

The court, after hearing the arguments of counsel, determined that the affidavits were sufficient to authorise the imprisonment of the insolvents under the 223d article of the Code of Practice, and the 9th section of the act of 1817. *Vide* 2 *Moreau's Dig.* 426.

2. That the declaration on oath of one or more creditors to arrest the insolvent, inures to the benefit of all the creditors.

3. According to the *Louisiana Code*, article 2170, and first section of the act of 1817, it is only by making a *bonâ fide* surrender, that the insolvent avoids imprisonment. But when he is attacked as fraudulent by one or more creditors, imprisonment, either actual or constructive, follows.

4. That the person of the insolvent represents the creditors to the whole amount of their claims, until final settlement and homologation of the proceedings.

5. The bond required of the insolvent, to obtain their enlargement in such cases as this, should be for the whole amount of the claims of the creditors; and to ascertain this amount, is to deduct from the amount of debts due, that of the property actually surrendered, making allowance for necessary costs and expenses.

6. In this case, the amount of the debts as sworn to at the foot of the *bilan,* is sixty-six thousand one hundred dollars, and the proceeds of the surrendered property, about twenty-five thousand dollars, which deducted, leaves the round sum of forty-one thousand dollars, to which the bail must be reduced.

EASTERN DIST.
December, 1835.

RATTI AND PIPON
vs·
THEIR CRED'S.

*Soulé*, for the appellants, made the following points :

1. The amount due to the creditor who obtained the order of arrest, is alone to be considered, in order to determine the amount of the security to be given.

2. The affidavit of one creditor cannot benefit the other creditors, who do not choose to resort to the same remedy.

3. In this case, Messrs. Bordéres and Verrier cannot be considered as acting for the mass of the creditors.

4. The proceedings before the notary, stand homologated for all the creditors ; except those who have made suggestions of fraud within the time restricted by law ; the bail should, therefore, be reduced to the amount of their claims only.

*Canon*, contra.

*Martin, J.*, delivered the opinion of the court.

This is a case of insolvency. The insolvent debtors seek the reversal of a judgment of the Parish Court, which rejects their claim for a reduction of the sum for which a bond was required of them on their application to be discharged from imprisonment, under an order of arrest which issued on an affidavit made by one of the creditors, suggesting fraud, according to the provisions in the ninth section of the act of 1817. 2 *Moreau's Digest*, 426.

The parish judge required bail to the full amount of all the debts, according to the schedule, after deducting the value of the property surrendered.

The counsel for the insolvents, in the argument of the case, advanced the following positions and grounds :

1. The sum due to the creditor who provoked the arrest, ought alone to have been considered in fixing the amount of the security to be given.

2. The affidavit of the creditor obtaining the order of arrest, cannot be of any avail to any of the others.

3. This creditor cannot be considered as acting for the benefit of the mass of creditors.

4

EASTERN DIST.
December, 1835.

RATTI AND PIPON
vs.
THEIR CRED'S.

Where an or-
der of arrest is-
sues on the affi-
davit of a single
creditor, impris-
oning the insol-
vent, and for the
sequestration of
his property, this
act inures to the
benefit of all the
creditors.
The sequestra-
tion when once
made is irrevo-
cable, except on
payment of the
debts of all the
creditors.
The person of
the insolvent
may be discharg-
ed from impris-
onment on giv-
ing security: but
the penalty of the
bond should be
large enough to
cover all the
debts and to in-
demnify all the
creditors, in case
of its breach.

4. The proceedings before the notary have been homologated as to the creditors who did not suggest fraud.

On the affidavit of a creditor, an order is to issue for the arrest of the insolvent, and the sequestration of any property he may have failed to surrender. This act is for the benefit of all the creditors, and not for that of the applicant alone : otherwise the sequestration should not be made of property, exceeding in value the amount of the debt. The sequestration when once made, is irrevocable, unless on payment of the debts of all the creditors ; for all of them are interested therein.

The person of the insolvent may, indeed, be discharged from imprisonment on giving security ; but as his arrest was ordered for the benefit of all the creditors ; and the penalty of the bond should be large enough to secure the performance of the condition, which is to indemnify the party interested, in case of its breach. The parish judge was, therefore, correct in taking into consideration all the debts of the insolvents ; and the affidavit on which the order of arrest was granted, inured to the benefit of all the creditors.

As after a *cessio bonorum*, the property of the debtor is protected from the attacks of any individual creditor on his own account, it follows that all the measures he may regularly resort to, in order to secure any part of the property, must be available and benefit the mass of the creditors.

The condition
of the bond is,
that the insolvent
shall remain
within the juris-
diction of the
court until the
definitive judg-
ment of homolo-
gation of all the
proceedings; any
partial homolo-
gation will be
disregarded.

So under the 11th section of the insolvent law of 1817, already referred to, the conviction of fraud upon the accusation of *one* creditor, has the effect to deny and preclude the insolvent debtor from the benefit of the insolvent laws of this state ; and as the condition of the bond is, that the insolvent shall remain within the jurisdiction of the court, until the definitive judgment of homologation of the proceedings had, under the surrender of his property, the judge, in fixing the amount of his security, properly disregarded any *partial* homologation.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs in both courts.