Copley v. Lambeth and another.

GEORGE W. COPLEY *v.* WILLIAM M. LAMBETH and another.

Compensation does not take place, where either of the debts is unliquidated. C. C. 2205.

APPEAL from the District Court of Ouachita, *Curry* J.

*Copley*, appellant, *pro se.*

*McGuire* and *Ray*, for the defendants.

GARLAND, J. The defendants have a judgment against one Caldwell and others, upon which an execution issued, and the plaintiff purchased, at a sale made under it, one or more slaves on twelve months credit, and gave his bond, with security, for the payment of the price, according to law. When the bond became due, an execution issued on it, and the plaintiff presented his petition praying for an injunction, alleging that the defendants were indebted to him in the sum of $1594 85, for professional services rendered as their attorney, in the years 1839, 1840, 1841, and 1842; also for costs, expenses, &c. paid, and for money had and received, according to an account stated. The above sum, it is alleged, was due and owing at the time of the aforesaid purchase and execution of the twelve-months' bond, which at once "became extinguished by compensation, by operation of the law."

The defendants moved to dissolve the injunction, because the allegations in the petition were insufficient to maintain it, which was ordered by the court, and it was dissolved, with ten per cent damages; from which judgment the plaintiff has appealed.

The only question necessary to decide in this case, is, whether the plea of compensation, presented by the plaintiff, is admissible, and we are clearly of opinion that it is not. Art. 2205 of the Civil Code, declares that compensation takes place of right and by operation of law when mutual demands exist, which are "equally liquidated and demandable." The question has frequently been presented to this court, and the current of decisions has been uniformly in conformity with the article of the Code. 7 Mar. N. S. 516. 7 La. 564. 9 La. 22.

The claim set up by the plaintiff in compensation, is not liqui-dated, nor acknowledged in any form or manner.

The defendants have asked us to amend the judgment, and increase the damages and interest. We do not think it legal or right, that we should do so ; nor do we think there is sufficient reason to reduce the damages from ten per cent, as requested by the plaintiff. Under all the circumstances of the case, we think that substantial justice has been done.

*Judgment affirmed.*