DAVID T. BAGLEY *v.* HUGH D. TATE, Sheriff, and others.

The plea of discussion cannot be opposed to a creditor holding a special mortgage. C. P. 73. C. C. 3367. Nor can a third possessor of property mortgaged for a debt for which other property is also bound, require that it shall be held liable only for a *pro rata* portion of the debt. Each and every part of property mortgaged is liable for each and every portion of the debt.

Tho plaintiff in a suit commenced by injunction to stay an order of seizure and sale, cannot plead in a supplemental petition, filed after the issuing of the injunction, as an offset to the defendant's claim, matters which arose subsequently to the issuing of the injunction, and presented entirely new grounds.

APPEAL from the District Court of St. Tammany, *Jones,* J.

*Penn* and *A. Hennen,* for the appellant.

*Halsey* and *Denis,* for the defendants.

MORPHY, J. This is an appeal from a judgment dissolving an injunction, which the plaintiff had obtained to stay the execution of an order of seizure and sale sued out by the Union Bank of Louisiana, one of the defendants, upon certain property specially mortgaged to the bank, by the plaintiff's vendor, E. M. Terrell.

The ground mainly insisted upon in this court, is, that the mortgage on the property in the possession of the plaintiff, was extinguished and released, in consequence of a discharge given by the cashier of the branch of the Union Bank at Covington to the mortgagor, E. M. Terrell. This ground we have considered and disposed of, in another suit between the same parties, just decided. *Ante,* p. 43.

The position that, as there was other property, subject to the same debt, which had been surrendered by the mortgagor, no recourse could be had against the plaintiff until that was exhausted, or accounted for, is quite untenable. The plea of discussion cannot be opposed to a creditor holding a special mortgage; nor could it be contended that the property held by the plaintiff, was liable only for its *pro rata* proportion of the debt. Each and every portion of the property mortgaged, is liable for each and every portion of the debt. The mortgage is *tota in toto, et tota in qualibet parte.* Code of Practice, art. 73. Civ. Code, art. 3367. The judge below has, moreover, allowed the plaintiff a

credit for the proceeds of the property sold which was subject to the same mortgage.

Our attention has been called to a bill of exceptions, to the opinion of the judge below rejecting a plea of compensation set up in an amended petition, filed long after the issuing of the injunction. The claim is alleged to be for damages, for the decay and dilapidation of certain other property mortgaged for the same debt, arising from the acts of the syndic, who is represented as the agent of the bank. The judge, in our opinion, did not err in excluding such a plea. It presented an entirely new ground, and matters that arose long after the injunction. It could not affect the rights of the bank, if their execution had been rightfully issued in the first instance. The claim, moreover, was an unliquidated one, which could not be pleaded in compensation. Civil Code, art. 2205. 7 Mart. N. S., 516. 7 La. 564.

*Judgment affirmed.*