## PHELPS v. STONE.

Where a defendant is sued on a note, and pleads, in compensation, another note, for a larger amount, due to him by plaintiff, the latter will not be allowed to amend his petition for the purpose of claiming the amount of an unacknowledged account. The new claim not being equally liquidated with the note pleaded by defendant, nor connected with it, was not a plea in compensation or reconvention. C. C. 2205. C. P. 375.

APPEAL, by plaintiff, from a judgment of the District Court of Catahoula, *Barry*, J. *Phelps*, appellant, *pro se*. *Mayo*, for the defendant. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff sued the defendant upon a promissory note for $200. The defendant pleaded in compensation a note made by the plaintiff for $398. On the day when the cause came to trial, the plaintiff asked leave to file an amended petition, which the court refused. In this petition he pleads that the defendant is indebted to him, besides the note upon which he originally sued, in the sum of $480, as stated in an account annexed to the amended petition, for which he prayed judgment. It is not alleged that this account had been acknowledged by the defendant. The appellant contends that this amended petition was improperly rejected : and that the court also erred in refusing to allow him to prove, at the trial, the items of the account, for the purpose of establishing the extinction by compensation of the note held by the defendant.

We think the court did not err. On the face of the amended petition and of the account annexed, this new claim did not appear to be equally liquidated with the note, nor connected therewith. It was not, therefore, a proper subject of a plea in compensation or reconvention. See *Copley* v. *Lambeth*, 9 Rob. 137. *Fagot* v. *Porche*, 7 La. 564. *Hoffman* v. *Ponchartrain Railroad Company*, 9 La. 22. *Lacoste* v. *Bordere*, 7 Mart. N. S. 517. Civil Code, 2205. C. P. 375.

At the trial, the plaintiff offered in evidence a voucher for an amount of $150, being one of the items mentioned in the account annexed to his amended petition. This evidence was properly rejected, independently of the reasons above stated. The voucher is a receipt signed by *Stone*, in his capacity of sheriff, for certain claims on the parish treasury. The voucher shows on its face that it was a matter appertaining to the official, and not the individual, business of *Stone*.                     *Judgment affirmed.*