## No. 12,841.

### NORMAN F. THOMPSON VS. S. LEVY, JR.          ⁑

Plaintiff claimed a special mortgage prior in date on property adjudicated to defendant.

He claimed also that by the adjudication and the fact that by operation of law he, defendant and adjudicatee. was authorized to retain the price, he thereby became personally indebted for the amount of the special mortgage.

*Held:* that the special mortgagee holding the first mortgage on property has no cause of action to hold the purchaser personally responsible for the amount of the first mortgage.

The purchaser not having assumed the first mortgage is responsible as a third possessor and the property was transferred to him *cum onere.*

The question was passed upon in Bacas vs. Hernandez, 31 An. 86; Trondle vs. DeBouchel, 33 An. 759. It was decided in these cases that the special mortgagee had no personal claims. The fact that a purchaser, who, for purposes of his own, delays payment, may be held personally for interest accruing from date of the sale, as in 29 An. 384, on the special mortgage, first in rank, is not ground upon which it can be held that he is liable personally on the mortgage with interest to the day of sale.

ON APPEAL from the First Judicial District Court for the Parish of Caddo. *J. Henry Shepherd, Judge ad hoc.*

*Wise & Herndon* for Plaintiff and Appellant.

*T. Alexander* for Defendant, Appellee.

Submitted on briefs June 3, 1898.
Opinion handed down June 22, 1898.

The opinion of the court was delivered by

BREAUX, J.   This is a suit brought by plaintiff, a mortgagee, for a judgment against the defendant, the adjudicatee of the property on which plaintiff's conventional mortgage rested.   The purchaser at sheriff's sale, by foreclosure, held a mortgage, second in rank.   His bid on the property was for a small amount above the sum total secured as to its payment by the first mortgage.   The claim of plaintiff is that by the effect of the adjudication defendant became personally responsible for the debt.   Plaintiff does not affirm that the defendant ever by any act or utterance assumed payment of the first mortgage debt.   He substantially confined ·the right he claims as having arisen under the operation of the purchase.

The defendant interposed an exception of no cause of action. The exception was sustained and plaintiff's suit dismissed. He appeals.

The statement of the facts discloses that the only question at issue is whether the defendant is entitled to the position of third possessor in this litigation. The principle that he is a third possessor has been, in our judgment, decided in a large number of cases·

Able and energetic counsel for plaintiff, in substance contend, if the property is adjudicated only subject to the prior encumbrance without any liability on the part of the purchaser, there would be no reason in precluding an adjudication, unless the highest bid is large enough to pay their prior encumbrances.

Counsel further argue: if the purchaser under the circumstances of this case takes the property subject to pre-existing mortgages, and does not incur personal liability for the price, then in case the apparent prior mortgages do not really exist he would get the property without paying the full amount of his bid.

With reference to the second proposition advanced by plaintiff, that in case the apparent prior mortgage does not exist, the purchaser would get property without paying the full amount of his bid.

We think the proposition is answered by the statement, that in any and all contingencies the purchaser is bound for the full amount of his bid. Whatever takes place after the sale he remains bound for the whole of the purchase price.

Recurring to the first proposition: the extent of the adjudicatees' obligation under the effect of the law. We think it sufficient in answer to give the definition of a third possessor: One who buys the mortgaged property without assuming to pay the mortgage. If one buys real estate by notarial or other act and does not assume the payment of the first mortgage, he is bound only as a third possessor. He must either give up the property or pay the amount for which it was mortgaged. He is limited to one or the other alternative. This is the full extent of his responsibility as a purchaser.

In view of the law's silence upon the subject, we think it not permissible to difference the case of one who buys property at sheriff's sale in foreclosure proceeding from the case of one who buys by a conventional sale.

The purchaser, beyond question, is entitled to retain the amount out of the price for which the property was adjudicated. But he

retains it as a third possessor, not as one who has assumed the payment of the debt. The amount retained, as we take it, is not an amount which the purchaser assumed to pay. The mortgagee, with special mortgage, is not referred to the amount realized as being in the hands of the purchaser. His claim is secured by special mortgage and not by any personal obligation of the purchaser. The language used in the Code of Practice, in so far as relates to the mortgage, does not suggest any responsibility further than before stated. We are not at liberty to supply the hiatus, if hiatus it is. We do not think it is. The articles of the Code of Practice as we read them, look to the payment of the special mortgages prior in rank to the seizing creditor; if it be not paid it is subject to sale.

The question is not one of first impression.

In a well considered case, this court held, that the purchaser at sheriff's sale is a third person, and cited Art. 709 in connection with Article 68 *et seq.* as applying, and that the proper action was against the purchaser of the property seized as a third purchaser of mortgaged property. Troendle vs. De Bouchel, 33 An. 759.

If the purchaser refuses to pay the price, the mortgagee has immediate recourse against the purchaser, against whom as a third person the hypothecary action lies. Bacas vs. Hernandez, 31 An. 86; Duncan vs. Elam, 1 Rob. 135.

The learned member of the bar, before whom the case before us for decision was tried as Judge *ad hoc*, with more than usual industry, gave clear and elegantly written reasons for his judgment. He, in addition, quoted from Millard's Equity; a quotation we insert here, as applying: "A purchaser who takes a conveyance of land without agreeing to pay such mortgage, only takes the land subject to the charge and if he neglects to pay off the charge, he will lose his land by the foreclosure and sale, or will only be permitted to take the surplus, if any, after paying the mortgage debt, and the expense of foreclosure. But the mortgagee can not have any personal claim against him for the deficiency unless he has made an agreement to pay the mortgage debt either with the mortgagee himself or with some one who is legally or equitably bound to pay such debt to the mortgagee."

Plaintiff's counsel in support of plaintiff's position, refers to Perry vs. Holloway, 10 Rob. 107, holding: "if a special mortgage certified to exist on the property had been extinguished, the alleged

debtor might recover of the purchaser the amount thus erroneously certified," and with some force he propounds the question: How could recovery be made of the purchaser if his only liability as purchaser was that he took the property subject to the mortgage?

We willingly agree with the following, quoted from the last cited decision, *supra:* Equity prohibits the purchaser who has not paid the price from taking the property. He must pay the whole price to some one before the property is completely his.

But in the last cited case the sale was decreed null, and, in consequence, the original owner remained the owner, and it was not adjudged that the purchaser of a title annulled, was responsible personally for the amount of the mortgage. As we interpret the principle applying, had the adjudicatee become the owner under a valid title, the certificate of mortgage of his indebtedness, being in part false, the property would have been encumbered in favor of the original owner for the amount and not the purchaser personally. The purchaser is not bound for any amount over and above his bid.

We take it that this conclusion is an answer to the question propounded.

There is perhaps an expression hastily written in the case (Succesion of Triche, 29 An. 384), to which our attention is invited by plaintiff's counsel; the amount due on a prior special mortgage, the court holds, was assumed as to its payment, by the purchaser.

We think we may fairly infer that the purchaser would not have been held bound in a direct action against him for the price, but that it would have been held that the property was in his possession *cum onere* had the direct issue arisen.

In the last-cited case, Succession of Triche, 29 An. 384, there was a question of interest involved. The purchaser, it was held, became personally bound for the interest. He had, for his own benefit, delayed payment of the mortgage. It was in our judgment but just for him to pay for the use of the amount secured by mortgage.

It was, in view of his delays in payment, made his special personal obligation to pay. " Otherwise," said the court, " it would be to the advantage of the purchaser to delay the payment of the portion of the price left in his hands as long as possible and the debtor would be deprived of his property, whilst interest would be constantly accumulating." Yeatman vs. Erwin, 14 An. 147. We think in that case there was a different question from the one here involved.

Before us there is no issue regarding interest growing out of delays for the benefit of the purchaser.

But taking up again the merits of the question all will admit that no purchaser is bound for the mortgages on the property he buys unless he assumes the payment.

The purchaser has not assumed the payment, nor does the law contain the declaration that he shall be considered as one who has assumed payment of the prior mortgage.

Again it is settled that a purchaser takes the place of the seized debtor. He, as relates to the property, stands in his stead. His responsibilities are not greater.

Yet, under plaintiff's theory, if the seized debtor is a third possessor, the purchaser by the mere operation of law would not be a third possessor as relates to the mortgage, but the debtor for its amount. Again, if the purchaser under that theory is made to assume the debt he becomes personally the debtor, and is not entitled to the same subrogation arising from payment that a third possessor would have; and, finally, why should the purchaser be placed in the attitude of having to settle or fix amount due on a mortgage when that is an act which the debtor himself should see to.

For the reason that the law and the evidence are in favor of the defendant we have concluded to affirm the judgment in this case.

It is affirmed.

NICHOLLS, C. J., dissents.