Motion for Rescission of Writ.
BREAUX, C. J.
[1] Respondent, D. E. Brown, Jr., in his motion alleged that it did not appear from the records that an application for a rehearing had been made from the judgment rendered by the Court of Appeal. It appears that the opinion of the Court of Appeal was handed down on the 29th day of June, 1911. The minutes of the court proceedings show that on the 29th day of June, 1912, an application for a rehearing was refused. There was an unusual delay between the date the original decision was rendered and the date the application for a rehearing was overruled. This delay was a very much larger number of days than 15. The delay between the date of judgment and the date the rehearing was refused does not give rise to an issue which can be considered before this court on this application; and, no reason having been assigned by respondent and no complaint made in the circuit court of any delay on the part of the relator in applying for a rehearing, we do not find it possible to decide that the application for a rehearing was not timely made in the Circuit Court of Appeals. That part of the motion relating to delay is overruled.
[2] The next ground of the motion to have the writ recalled is that no requisite notice had been given of the intention to apply for a writ of certiorari. Respondent urges that the affidavit must show specifically that the applicant gave notice of the intention to make the application; that an affidavit that all requisite notice has been given is not sufficient.
Relator swore that he had given notice as required by law of its intention to apply to the court for certiorari. We will not hold the notice insufficient upon a mere averment that it is not sufficient. The notice may have contained all of the essentials which respondent says were not given. It devolved upon respondent to produce the notice. The court denies the application to have the writ nisi recalled and rescinded.
On the Merits.
[3] Relator acquired the land he claims to own (and which is described in the petition) from E. H. Crawley.
D. E. Brown, Jr., obtained two judgments against E. H. Crawley; the first for $267.47, dated January' 17, 1908; the second for $989.30, dated January 31, 1909. On the day that the first judgment was registered, Crawley owned 200 acres of land, which became *265 subject to a mortgage under the first judgment (for the second judgment had not yet been rendered). On August 11, 1908, before the rendition of the second judgment, Crawley sold 80 acres of the land, with the judicial mortgage under the first judgment existing against the property. Brown had the second judgment executed and caused the remaining 120 acres to be sold at sheriff’s sale for $400 and became the owner of it. This amount was not sufficient to pay the indebtedness to Brown. On the 5th day of July, 1910, Brown proceeded in court to compel Davis Bros. Company to pay this judgment rendered on the 17th day of January, 1908, or surrender the 80 acres to be seized and sold to pay the judgment. In the litigation which ensued, the petition of plaintiff was put at issue by defendant’s answer. After hearing, Brown’s demand was rejected. The latter perfected an appeal to the Circuit Court of Appeals. The Circuit Court of Appeals reversed the judgment of the district court and rendered judgment in favor of Brown, the plaintiff, condemning the Davis Bros. Company to pay the judgment or surrender the land to be seized and sold in satisfaction of the amount claimed by plaintiff.
As relates to the junior mortgage, the ground of relator’s complaint is that Brown had no right, as he proposed to do, to impute the proceeds of the -sale to the junior mortgage and this without notice. That he should -have proceeded against the property alienated in the order of dates at which it was sold. That the land and the price were in possession of Brown.- That there is no possible question of discussion of the proceeds of the sale, and that the circuit court erred in holding that, in the event petitioner was compelled to pay the mortgage indebtedness before mentioned in order to hold its property, it (relator) would not become subrogated to the judgment including its accessory of the mortgage; its obligation was to pay and its right of subrogation plaintiff proposes to deny to the defendant (respondent).
The land is described as the N. Y¡ of N. W. Yi, section 35, township 17.
Brown, Jr., obtained a judgment for the sum of $264.47 and costs, which judgment was inscribed in the mortgage records on the 21st day of January, 1909. This was subsequent to the purchase of plaintiff. He also obtained another judgment in the district court in the sum of $984.39. Different from the first judgment above mentioned, this last did not operate as a judicial mortgage against relator’s land, as he became the owner of the 80 acres of land prior to the registry of the judgment of Brown v. Crawley.
To restate the proposition in other words: • Plaintiff obtained a judgment, which with interest amounted to $320.84 balance due thereon. He wishes to collect that remaining unpaid' balance exclusively from the proceeds of the sale of the 80 acres, amount which he wishes, as before stated, defendant or relator here to pay or abandon the land or deliver it to be sold as before mentioned.
One of the propositions on the part of plaintiff is that he has exhausted the property of his judgment debtor and that now he has the right to seize and have sold the property of defendant under his • judicial mortgage. The difficulty he encounters here from a legal point of view is that, even if he has exhausted the property of his debtor, he cannot impute an amount exclusively to the payment of a second mortgage to the detriment of a first mortgage. This under the law cannot be done. But, in order to sustain his position, plaintiff refers to an article of the Code of Practice in which it is provided that the third possessor is obliged to pay or surrender the property. Article 713.
*267 The predicate of the cited article is:
“One who has a legal or judicial mortgage may compel the payment of surrender o'f the property mortgage.”
But here, the claim in law being satisfied by the sale of the 120 acres before mentioned, plaintiff neither has a legal nor a judicial mortgage, and therefore his case does not come within the terms of the article cited.
There is no basis in this case for the plea of discussion. The Davis Bros. Lumber Company cannot be made to pay an amount, as plaintiff, Brown, cannot withhold the whole price of part of the property mortgaged and compel the mortgage debtor to pay the whole indebtedness, although by thus paying it ignores the fact that defendant company’s property is subject to a first mortgage and not to a second mortgage. It is irreconcilable with the right of the third possessor.
For reasons stated, it is ordered, adjudged, and decreed that the judgment of the Circuit Court of Appeals is annulled, avoided, and reversed at appellant Brown’s costs in that court. It is further ordered, adjudged, and decreed that the judgment of the district court is affirmed, and the case is remanded to that court in order that the judgment may be executed to the extent that it is executory for costs. Respondent to pay the costs of this court.
On Rehearing — Motion to Recall.
LAND, J.
The petition of relator, which was verified by the oath of counsel, represents that its petition for a rehearing was filed in the Court of Appeal “within the legal delays.” A copy of said petition is annexed to relator’s application for a writ of review, and also a copy of the minutes of court reading as follows:
“For reasons orally assigned the application for rehearing filed herein is refused.”
The objection that the copy of relator’s petition for a rehearing does not show that it was filed is without merit.
The papers filed show that an application for-rehearing was made in the Court of Appeal, considered and overruled. This is all that rule 12 (47 South, vii) requires. The return made by the clerk of the Court of Appeal to the writ of certiorari shows that the application for a rehearing was filed within ten days from the date of the rendition of judgment.
The relator’s sworn allegation that he has given notice of his intention to apply to this court for a writ of review, as required by the rules of this court, is sufficient. Rule 12 does not require such notice, or a copy thereof, to be annexed to the application. The rule requires no particular form of affidavit, and the sworn allegation that notice was given in the mode and manner prescribed by the rule leaves no room for uncertainty.
The return made by the clerk of the Court of Appeal to the writ of certiorari shows, as a matter of fact, that proper notice was given.. If objection had been that notice had not been given, or that there was no application for a rehe.aring, or that it was filed after the lapse of the legal delays, the case would be different.
On the Merits.
. [4] Crawley owned 200 acres of land, against which was recorded a judgment for $264.47 in favor of D. E. Brown, Jr. Crawley subsequently sold 80 acres of the tract to the Davis Bros. Lumber Company. Some months after this sale, Brown obtained another judgment against Crawley for $989.30, which was also recorded. About a year later Brown caused execution to issue on the second judgment under which was seized and sold the 120 acres of land still belonging to Crawley. Brown was- the adjudicatee for the price of $402. The present litigation is an hypothecary action to enforce the first *269 judicial mortgage against the 80 acres purchased by the Davis Bros. Lumber Company. The contention of defendant is that the proceeds of the judicial sale should be applied to the extinguishment of the first .judicial mortgage.
If plaintiff had endeavored to enforce the first judicial mortgage against the 80 acres sold to the defendant, .the latter would have had the undoubted legal right to compel the discussion of the 120 acres in the possession of Crawley, the debtor. C. P. arts. 71, 715. Skipwith v. Glathary, 34 La. Ann. 34. The plaintiff, having seized and sold and purchased the 120 acres, is in the position of a plaintiff in an hypothecary action, who has already discussed the property remaining in the possession of the debtor.
The proceeds of the sale thus made must be imputed to the discharge of the hypothecary debt affecting the property of the third possessor. The legal right of the defendant to insist on the application of the proceeds of sale to the extinguishment of the first judicial mortgage cannot be defeated by the sale of the property under the second judgment, which does not operate a mortgage on the land of the defendant. The 120 acres having already been sold, a plea of discussion would have been a vain and useless formal,ity. The plaintiff having received the price of the sale, the only question remaining is one of legal imputation as between the judgment creditor and the third possessor. Under the text of the Code of Practice, the sale must be treated as having been made to satisfy the first judicial mortgage, because the plaintiff was bound to discuss the other property which the debtor had in his possession. Article 715. Discussion necessarily implies that the proceeds of the sale of property remaining in the possession of the debtor shall' be credited on the mortgage debt.
The proposition that the plaintiff by selling the property under a subsequent judgment can defeat the right of the defendant to have the property, or its proceeds, applied to the payment of the first judicial mortgage, finds no support either in law or in equity.
It is therefore ordered that our former decree herein be reinstated as the judgment of this court.