ST. PAUL, J.
 

 This is an
 
 hypothecary action,
 
 which the Code of Practice defines and provides for as follows:
 

 Article 61: “An hypothecary action is a real action, which the creditor brings against the property which has been hypothecated to him by bis debtor, in order to have it seized and sold for the payment of his debt.”
 

 Article 62: “The hypothecary action, like all real actions, follows the property to which it is attached, in whatever hands it may be found, but it is subject to different rules, according' as the property may be in the possession of the debtor, or of his heirs, or of third persons.”
 

 Article 68: “If the hypothecated property be neither in the possession of the debtor nor of his heirs, but in that of a third person, the creditor has his action against that person, in order to compel him either to give up the property or pay the amount for which it stands hypothecated. This is the hypothecary action, properly speaking.”
 

 Article 715: “The purchaser against whom a suit is commenced hy a creditor having [only] a legal and [or] judicial mortgage on the property of the debtor sued, may require the creditor to discuss the other property which the debtor has in his possession, and even that which he has alienated since the purchase; because the creditor who has a general mortgage can only act against the property of which his debtor has disposed, in the order in which the alienations have been made, beginning at the most recent, and ascending to the most ancient.” s
 

 II.
 

 On July 1, 1918, one M. T. Stephens acquired a certain tract of land in the town of Minden in Webster parish. On March 19, 19Í9, two judgments against him were recorded in said Webster parish, and thenceforth constituted a judicial mortgage against his said property, to' wit, one judgment-in favor of S. G-. Dreyfus Company for $2,020.91, and on.e in favor of Crawford, Jenkins & Booth Company for $568.91, both judgments carrying 10 per cent, attorney’s fees and 5 to 8 per cent, interest from (about) November 14, 1914.
 

 III.
 

 On September 20, 1920, Stephens sold to defendant part of the property acquired by him as aforesaid. So that from that day, according to the very plain terms of article 715 of the' Code of Practice, defendant had a right to insist that the holders of the judgments aforesaid should first exhaust their remedy against the remainder of said property still in the possession of Stephens before calling upon this defendant for payment or proceeding against the .portion .previously sold to him. Cf. McHugh v. Stewart, 12 La. Ann. 361.
 

 And, therefore, to the extent that the holders of those two judgments might have paid themselves out of the property remaining to Stephens, but chose instead to release said property from said judgments, to that extent they are .estopped from urging any claim against this defendant and his property.
 

 V.
 

 The evidence shows that sáid judgments constituted the first mortgage on the property remaining to Stephens after defend
 
 *867
 
 ant’s purchase; that said property was worth from $7,000 to $10,000 (more than sufficient to satisfy said judgments in full); and that plaintiff, who then held (and still holds) said judgments, voluntarily released said property therefrom when Stephens sold it. And accordingly plaintiff cannot now be permitted to proceed against defendant’s property.
 

 VI.
 

 It matters not that plaintiff held a third (judgment) mortgage on said remaining property, and had acquired the second (conventional) mortgage thereon, and applied the proceeds of said property upon said two last mortgages, for the proceeds of such property were imputable to the mortgages in the order in which they ranked. Brown v. Davis Lumber Co., 133 La. 263 (rehearing, page 269), 62 So. 670.
 

 VII.
 

 Powell v. Hayes, 31 La. Ann. 789, and Bagley v. Tate, 10 Rob. 45, have no application ; for conventional mortgages are not subject to the provisions of C. P. art. 715; vide C. P. art. 73.
 

 And Lanusse v. Lanna, 6 Mart. (N. S.) 103, merely holds that the Act of 1817 (C. P. art. 715) could not affect mortgage rights acquired before its adoption.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.