The judgment appealed from is affirmed, with costs.

(136 So. 565)

NELSON v. STEWART et al.

No. 30961.

June 22, 1931.

Rehearing Denied July 17, 1931.

Lee & Gilmer, of Shreveport, for appellant.

Craig, Bolin & Magee, of Mansfield, for appellees.

ROGERS, J.

The plaintiff, Raymond A. Nelson, appeals from a judgment dismissing his suit on exceptions of no right or cause of action.

Plaintiff's petition, summarized, sets forth the following facts as the basis of his suit, viz.:

J. W. Stewart, in order to secure $20,000, mortgaged 2,090 acres of land lying in De Soto parish to the Investors' Mortgage Company on March 4, 1920. This mortgage was duly recorded.

On November 9, 1920, in order to secure $10,000, J. W. Stewart mortgaged 1,890 acres of the 2,090 acres to the plaintiff, Raymond A. Nelson. This mortgage was also duly recorded.

Subsequently, Stewart, the mortgagor, sold the 2,090 acres of land to Kent D. Allen.

Nelson, the plaintiff, forclosed his mortgage on the 1,890 acres of land, and at the foreclosure sale purchased the property for $27,000. At that time the indebtedness on the first mortgage of March 4, 1920, amounted to $23,532. In addition to this there was a further indebtedness for unpaid taxes for the year 1922 amounting to $1,813.30. After deducting the costs of the sale and the amount of unpaid taxes, there resulted a new balance of $26,186.70, a sufficient amount of which plaintiff retained in his hands to pay the first mortgage, applying the remainder to the second mortgage which he held. The sheriff's returns were made accordingly. Thereafter, plaintiff Nelson purchased from the Investors' Mortgage Company the notes secured by the first mortgage, which he presented to the clerk of court for the purpose of securing the cancellation of the first mortgage bearing on 2,090 acres of land. This was done.

Plaintiff further alleges that the sale from J. W. Stewart to Kent D. Allen was made subject to the mortgages held by the Investors' Mortgage Company and by him respectively. That it was the intention of the contracting parties that the second mortgage should embrace the entire 2,090 acres of land covered by the first mortgage and included in the sale to Kent D. Allen, but through error and inadvertence 200 acres thereof were omitted, namely, the N. ½ of S. ½ of section 1, and S. ½ of S. ½ of S. W. ¼ of section 1, township 14 range 13, De Soto parish, La.

That plaintiff was not aware when he purchased the first mortgage notes from the In-

vestors' Mortgage Company and presented them to the clerk of court for the purpose of cancelling the mortgage by which they were secured that the second mortgage did not embrace the entire 2,090 acres of land included in the first mortgage. And that he only recently discovered the error.

That by his purchase of the notes secured by the first mortgage, plaintiff became subrogated to all the rights of his vendor, the Investors' Mortgage Company, and as the holder of both first and second mortgage notes, he is entitled to prorate on an acreage basis the proceeds of the sale under the second mortgage in discharging both mortgages, and to have the first mortgage reinstated upon the records against the 200 acres, as to which it was cancelled through error.

The defendants in the case are J. W. Stewart, Kent D. Allen, Frank Stewart, and R. C. Gamble, clerk of court and ex officio recorder of mortgages for De Soto parish. Frank Stewart is impleaded as the purchaser from Kent D. Allen of an undivided one-half interest in 160 acres of the 200 acres in question, which purchase is attacked as being a pure simulation without any consideration whatever.

Plaintiff's prayer is for judgment against all the defendants, annulling the cancellation of the first mortgage so far as it affected the 200 acres in question, and decreeing the first mortgage to be a valid and existing mortgage, securing the payment of $2,269.50, with interest and attorney's fees as provided in the act of mortgage; and ordering the public sale of the 200 acres of land to satisfy the mortgage indebtedness; also for judgment against Kent D. Allen and Frank Stewart decreeing void as a simulation the sale of 160 acres of land by Allen to Stewart, and ordering its erasure from the conveyance records of the parish.

The defendants argue that under Civ. Code, art. 3282, and the pertinent jurisprudence mortgage is a real right which in its nature is indivisible and affects all and each and every portion of the immovables subjected to it. Or, stated in another form, each and every portion of the mortgaged property is liable for each and every portion of the debt. Hence, each and every acre of the 1,890 covered by plaintiff's mortgage was bound for the payment of the mortgage of the Investors' Mortgage Company. And under the provisions of Code Prac. arts. 679, 683, and 684, neither the entire 1,890 acres embraced in the second mortgage nor any portion thereof could have been sold for a price insufficient to discharge the first mortgage covering 2,090 acres. Defendants also argue that while plaintiff, at the time he purchased the 1,890 acres at foreclosure sale under the second mortgage, did not pay the first mortgage, he, availing himself of the provisions of the articles of the Code of Practice, did retain in his hands out of the purchase price an amount sufficient to discharge the mortgage. So that when he bought, as he alleges, from the Investors' Mortgage Company the notes secured by the first mortgage, he did nothing more than pay his debt for which he had received an equivalent consideration.

Plaintiff's counter argument is that by retaining in his possession following the sale under the second mortgage funds sufficient to discharge the first mortgage he did not thereby personally assume the first mortgage, but merely acquired the property subject thereto; that is to say, cum onere. That when he bought from the Investors' Mortgage Company the notes secured by the first mortgage he used the funds, which in a sense belonged to him, representing the price of his purchase, and thereby, under the express terms of Civ. Code, art. 2161, became subro-

gated to all the rights of the first mortgage creditor not only as to the property sold, but also as to all the other property embraced within the mortgage.

Plaintiff's contention, stated in its simplest terms, is as follows, viz.:

The first mortgage covered 2,090 acres, and the second mortgage covered 1,890 of the 2,090 acres. Plaintiff foreclosed his second mortgage on the 1,890 acres, which he purchased at the sale. Subsequently, plaintiff, owning the 1,890 acres, bought the first mortgage notes resting on the 2,090 acres. Confusion immediately took place so as to extinguish the first mortgage on the 1,890 acres, leaving it intact as to the remaining 200 acres. The fund in plaintiff's possession represented the price of the sale of the 1,890 acres, which were included in both mortgages. This fund was sufficient to cover $1890/2090$ of the total amount due on the first mortgage, being that part of the mortgage due by the 1,890 acres sold. As the holder of the second mortgage, plaintiff was entitled, after his purchase of the first mortgage notes, to cancel the first mortgage indebtedness to the extent of $1890/2090$ of the total, and to hold $2,269.50, as the balance, against the 200 acres not included in the foreclosure sale under the second mortgage. As the purchaser under the second mortgage, retaining in his possession a sufficient amount to cover the first mortgage, plaintiff was not obligated to pay that mortgage, the only penalty for his failure to do so being the loss of the property when the first mortgage creditor should foreclose his mortgage. And if plaintiff was not obligated to pay the first mortgage, he is entitled, as the purchaser, to hold the mortgage as against the 200 acres to the extent of the indebtedness due by it.

In foreclosure proceedings the property must be sold subject to, and for an amount sufficient to discharge, the privileges and mortgages prior in rank to the mortgage of the seizing creditor, the right being granted to the purchaser to retain in his possession the amount of the superior privileges and mortgages. Code Prac. arts. 679, 684. But his retention of the amount is as a third possessor, to whom the property was transferred cum onere, and not as one who has assumed payment of the debt. The senior mortgagee is not referred to the amount realized as being in the hands of the purchaser. His claim is secured by special mortgage and not by any personal obligation of the purchaser. Thompson v. Levy, 50 La. Ann. 751, 23 So. 913.

And since the junior mortgagee who becomes the purchaser at the foreclosure sale under his mortgage is not personally bound to the senior mortgagee for the payment of the debt, it necessarily follows that he incurs no personal liability to their common mortgagor by reason of his purchase.

While a mortgage is indivisible, the debt which it secures may be divisible. So that, two or more persons may secure their personal obligations, solidary or joint, by a mortgage on property owned by them in its entirety. Randolph v. Starke, 51 La. Ann. 1121, 26 So. 59. And, certainly, separate pieces of property belonging to two or more persons may be embraced within the same mortgage given to secure the individual debt of one of such persons.

When Nelson, the plaintiff, acquired 1,890 acres of the 2,090 acres burdened with the mortgage in favor of the Investors' Mortgage Company, the situation was the same, so far as the Investors' Mortgage Company's right of real action was concerned, as if its mortgage was secured in its entirety on two separate pieces of property; one piece consist-

ing of 200 acres owned by Kent D. Allen, to whom it had been sold cum onere by J. W. Stewart, the original mortgagor, and the other piece consisting of 1,890 acres, to whom it had been sold cum onere, through foreclosure proceedings, by J. W. Stewart, the original mortgagor, to Raymond A. Nelson, the plaintiff herein.

Out of the $27,000 which Nelson, the plaintiff, bid for the property at the foreclosure sale, $1,813.30 was used to pay the taxes due thereon. This left a balance of $26,186.70, of which $2,654.70 was applied by plaintiff on his mortgage of $10,000, which he had foreclosed, leaving still due him by J. W. Stewart, the mortgagor, a large personal indebtedness arising out of the original transaction. After deducting from the amount of his bid, the amount of taxes paid and the amount applied to the second mortgage, there was left in plaintiff's hands the sum of $23,532 to protect the 1,890 acres of land which he had purchased. This money was not the money of Stewart, the original mortgagee, nor was it the money of Allen, who had acquired from Stewart the 2,090 acres, reduced to 200 acres by plaintiff's acquisition of 1,890 acres subject to the mortgage. The money, though representing in part the price paid by plaintiff for the 1,890 acres, was in a sense plaintiff's money, which, in order to save his own property, he was forced to use in purchasing from the Investors' Mortgage Company the notes secured by the first mortgage on the entire 2,090 acres of land. When plaintiff became the owner of the notes and the mortgage by which they were secured, the mortgage became ipso facto extinguished by confusion as to the 1,890 acres also owned by him, leaving it in full force and effect, however, as to the 200 acres owned by Kent D. Allen under his purchase from Stewart, the original mortgagor.

Under Civ. Code, art. 2161, subrogation takes place of right for the benefit of the purchaser of any immovable property, who employs the price of his purchase in paying the creditors, to whom this property was mortgaged. See also Fox v. Succession of Broussard, 161 La. 949, 109 So. 773.

As we showed in Henderson Iron Works & Supply Co. v. Jeffries, 159 La. 624, 105 So. 792, 793:

"This article is a literal translation of article 1251 of the Code Napoleon; and the commentators on that Code are unanimous, and the French jurisprudence uniform, that the article applies as well to conventional sales as to judicial sales. See Sirey, Code Civil Annote, art. 1251; Dallez, ditto; Fuzier-Herman, ditto."

And Sirey, in Code Civil Annote, referring to article 1251, says:

"61. It has been held on the contrary, that the acquirer who has paid an inscribed credit is legally subrogated to the rights of the creditor. Not only on the immovable sold, but also on all other things hypothecated by the same credit."

And Larombiere, at page 323, comments upon article 1251 as follows, viz.:

"25. But to day, according to the opinion of all the authors and the decisions of the jurisprudence, this subrogation of the acquirer takes place, not only with respect to the thing by him acquired, but also with respect to the things of the vendor which were affected by the privilege or mortgage of the debt paid." Citing numerous authorities.

We also showed in Henderson Iron Works & Supply Co. v. Jeffries, supra, all the French commentators agree that the payment of the creditor must be made with the money of the purchaser himself or by some one else under his instructions.

In the case presently before us, the payment to the first mortgage creditor was certainly not made by plaintiff with the money of the mortgage debtor, since plaintiff was not bound personally to pay the debt. Hence, it would seem that the payment necessarily was made by plaintiff with his own funds in order to save his own property from the operation of the mortgage. But, be that as it may, any purchaser entitled to and claiming the benefit of Civ. Code, art. 2161, uses money representing the price of his purchase in paying the privilege or mortgage creditor. And when he does so, he becomes subrogated to the right of such creditor, whether he acquired the property under a conventional or a judicial sale.

And it won't do to say, as argued by defendants, that since the amount bid by plaintiff was more than sufficient to pay the entire first mortgage indebtedness, that indebtedness was, as a matter of fact, actually discharged by the bid. That result did not by any means follow from plaintiff's action. Plaintiff, by his bid, obtained title to property, which, together with other property (the 200 acres in question), was burdened with a mortgage indebtedness of $23,532, by paying $1,813.30 of delinquent taxes and $2,654.70 on account of the mortgagor's indebtedness under a second mortgage. When plaintiff purchased the rights of the mortgage creditor, he became subrogated not only to those rights as against the property the mortgagor (by forced sale) sold to him, but also as against all the other property (200 acres) not included in the sale, which was embraced within the same mortgage.

Plaintiff alleges that the mortgage, to which he became subrogated, was canceled from the mortgage records by error. Accepting the allegation as true for the purposes of this exception, plaintiff is entitled to have the mortgage reinstated in this proceeding, which is properly taken contradictorily with the recorder of mortgages and all the other parties in interest.

The cases of Randolph v. Starke, supra, and Brown v. Davis Brothers Lumber Co., 133 La. 262, 62 So. 670, cited by defendants, are not inconsistent or in conflict with the views herein expressed.

For the reasons assigned, the judgment appealed from is annulled, the exceptions of no right or cause of action filed by the defendants are overruled, and this case is remanded to the district court for further proceedings not inconsistent with the views herein expressed; costs of this appeal to be paid by the exceptors, all other costs to abide the final judgment in the case.

ST. PAUL, J., dissents.

O'NIELL, C. J., concurs in the decree, but is of the opinion that the plaintiff is asking for less than he is entitled to, if the allegations of his petition are true; because, if his allegations are true, he became subrogated to the full extent of the mortgage of the Investors' Mortgage Company (and not merely to the proportion which the 200 acres of land bears to the remaining 1,890 acres) in so far as the mortgage affects the 200 acres of land which the plaintiff did not buy, and as to which, therefore, the mortgage was not extinguished by confusion.