151 So. 632

**NELSON v. STEWART et al.**

No. 31892.

Nov. 27, 1933.

Lee, Gilmer & Lee, of Shreveport, for appellant.

Craig, Bolin & Magee, of Mansfield, for appellees.

ODOM, Justice.

This case was before us on exception of no cause of action in June, 1931. The trial court sustained the exception, and, on appeal, the judgment was reversed and the case remanded for trial on the merits. See Nelson v. Stewart et al., 173 La. 203, 136 So. 565.

We shall not restate the circumstances out of which the lawsuit arose, as they are stated in detail and at length in our former opinion. It suffices to say that our holding was that Nelson, the junior mortgage creditor of J. W. Stewart, who foreclosed and purchased the property subject to the prior mortgage and who retained in his hands the amount of the bid to satisfy the prior mortgage which was paid by him, was subrogated to all the rights and privileges of the first mortgage creditor, and further that, if Nelson canceled the first mortgage· in error, he was entitled to have it reinstated so as to operate against the 200 acres of land involved. When the case was tried on its merits, the trial court sustained the plea of estoppel filed by defendants and the plaintiff prosecutes this appeal.

█ The testimony brought up convinces us that Nelson canceled the prior existing mortgage through error. He unquestionably thought his mortgage, which was second, covered the entire tract of 2,090 acres owned by his debtor, Stewart, instead of 1,890 acres, and that he had purchased the entire tract at foreclosure sale. .He thought when he canceled the first mortgage that he owned the entire tract, including the 200 acres here involved, which was left out of the mortgage granted to him by Stewart. Laboring under this error, he was entitled to have the first mortgage reinstated to the extent of $2,269.50

against the 200 acres which he failed to acquire.

█ Since it has been so held, plaintiff now claims the right to have the 200 acres sold under the first mortgage to satisfy his claim of $2,269.50. But he is met with the plea of estoppel urged by defendants, which plea was sustained by the trial judge.

The basis of this plea is this: J. W. Stewart, the owner of the entire tract of 2,090 acres, after mortgaging the same to the Investor's· Mortgage Company for $20,000 on March 4, 1920, and after granting to Nelson a second mortgage on 1,890 acres of the land for $10,000 on November 20, 1920, sold the entire tract to Kent D. Allen subject to these mortgages. This sale was made on January 23, 1923.

Prior thereto, on February 24, 1922, Hicks & Richardson Company had obtained a judgment against J. W. Stewart, the then owner of the land, for $233.33, with 8 per cent. interest from October 1, 1921, and all costs. This judgment was recorded in the mortgage records of DeSoto parish, where this land is located, on February 24, 1922, from which date the land was encumbered with a judicial mortgage.

On or about January 21, 1930, the plaintiff, Nelson, purchased this judgment from Hicks & Richardson Company, and on March 13, 1930, brought an hypothecary action to have the 200 acres of land here involved seized and sold for the payment of the debt due him under this judgment (C. P. art. 61).

In his suit, plaintiff set out the facts relating to the rendition of the judgment, its recordation, and his purchase thereof and

that at the time of its recordation "J. W. Stewart was the owner of the following described real estate, situated in the Parish of DeSoto, State of Louisiana, to wit," and he describes the 200 acres of land in controversy.

He then alleges that subsequent to the recording of said judgment:

"The said J. W. Stewart, by authentic act of sale, duly filed and of record in conveyance records of DeSoto Parish Louisiana * * * sold and conveyed the property described in article four hereof, to Kent D. Allen, a resident of Dallas County, State of Texas."

He then alleges that on January 22, 1930, he made formal demand in writing on J. W. Stewart for the payment of the judgment, and that, he having failed to do so, he then made demand on Kent D. Allen (through a curator ad hoc) "as third possessor of said property described in article four hereof (the 200 acres) * * * and that ten days have elapsed since said formal demand in writing was made upon the said Kent D. Allen," who has "utterly refused to pay said judgment."

This notice to pay was served on Kent D. Allen on March 3, 1930, through a curator ad hoc. He learned of the proceeding a short while thereafter and immediately had his attorneys investigate the title to the 200 acres of land.

Upon being advised by them that Nelson, the plaintiff, had canceled the Investor's Mortgage Company's mortgage and that his, Allen's title to this land was clear except as to this judicial mortgage, Allen paid Nelson the amount of the judgment and had the judicial mortgage canceled. He testified that he would not have paid this judgment, which

with all interest and costs amounted to about $470, had he not believed, upon the advice of counsel, that his title to the land would be clear. He made the payment to Nelson about the middle of May, 1930.

On May 19, 1930, Allen sold to Frank Stewart an undivided one-half interest in 160 acres of the land and on the same day sold to J. J. Long the entire interest in the other 40 acres. These transfers were by notarial acts duly recorded.

On the following day, May 20, 1930, Nelson filed the present suit against Kent D. Allen, Frank Stewart, J. J. Long, and the clerk and ex officio recorder of mortgages to have the mortgage in favor of the Investor's Mortgage Company, which he had paid and had canceled, reinstated so as to operate against this 200 acres of land and prayed that it be sold to satisfy that mortgage to the extent of $2,269.50. Allen, Frank Stewart, and J. J. Long pleaded estoppel.

The plea of estoppel is good and was properly sustained by the trial court. As we have stated, Nelson paid the first mortgage in favor of the Investor's Mortgage Company and had it canceled. The cancellation was made in error, and but for the subsequent steps he took, Nelson could, after having that mortgage reinstated, have had the 200 acres of land sold under it to satisfy his claim. But when he discovered in 1929 or early in 1930 that he had not purchased this particular land at foreclosure sale on April 21, 1923, he purchased the judgment against J. W. Stewart rendered and recorded on February 24, 1922, and in January, 1930, brought an hypothecary action to have the land subjected to his claim under the judgment.

This judgment was recorded subsequent to the date of the recordation of the Investor's Mortgage Company's mortgage. Hence, if Nelson had intended to rely upon his claim under that mortgage, there was no reason or necessity for his purchasing the judgment and proceeding to have it executed against the property, because he could have foreclosed his mortgage, and sold the land free from the judicial mortgage.

His evident purpose, in purchasing the judgment, was to secure a claim under which he could have the land sold so as to acquire it. This proceeding by Nelson was, in effect, a waiver of whatever right she may have had under the first mortgage.

It was so construed by counsel for Kent D. Allen, who, acting upon their advice, paid Nelson $470 to clear the title and later sold the land. Plaintiff's conduct in bringing the proceeding on the judgment misled Allen to his hurt and injury and he cannot now shift his position and assert rights under the first mortgage to the prejudice of Allen, Frank Stewart, and Long. He is estopped.

Bigelow on Estoppel, p. 508, says:

"Whenever the rights of other parties have intervened by reason of a man's conduct or acquiescence in a state of things about which he had an election, and his conduct or acquiescence, or even laches, was based on a knowledge of the facts, he will be deemed to have made an election, and will not be permitted to disturb the state of things, whatever may have been his rights at first."

Nelson cannot now be heard to plead ignorance of the facts and his legal rights, because in bringing the hypothecary action on

the judgment, he was represented by counsel, the same ones who later brought the present suit for him.

For the reasons assigned, the judgment is affirmed.